J. D. TEMPLETON, COUNTY JUDGE OF ELLIS COUNTY ET. AL. VS. W. D. RYBURN, SHERIFF.

SUPREME COURT, AUSTIN TERM, 1883.

*Fees—Sheriffs'.*—Compensation in gross amount for serving notices on road over-seers and summoning jurors was intended to be allowed sheriffs by Art., 6889, P., D., without charging the items of such service, nor for mileage.

Appeal from the District Court of Ellis County.

*R. S. Bynum*, for plaintiff in error.

*A. A. Kemble*, for defendant in error.

Opinion by Walker R. S.

This is a suit of mandamus brought to compell the County Commissioners Court of Ellis County to allow the Sheriff of Ellis County his account for the sum of $160.20 for traveling in serving notices on road overseers and summoning jurors for said county, at the rate of ten cents per mile, services aforesaid being rendered from the 18th,

day of April 1876 until November of the same year. Judgment was rendered on the hearing in favor of the plaintiff for the amount sued for, the costs were adjudged against the defendants. The defendants filed no answer; the case was tried without a jury before the court; the parties appeared and evidence was submitted. There is no statement of facts in the record. The defendants prosecute this writ of error and assign errors. The only question which need be considered is whether the claim of the plaintiff can under state of facts that might or could have been established by the evidence constitute a cause of action against the county of Ellis and afford a basis for the judgment that was rendered. The plaintiff rests his claim for the mileage charged against the county of Ellis upon certain provisions of Art. 6839. Pasch., Dig., which read as follows : "For summoning jurors to the district and county courts, serving all election notices, notices upon overseers of roads, attending the district, county and police courts, and doing all other public business not otherwise provided for, such sum as may be allowed by the police court, not to exceed two hundred dollars a year; for traveling in the service of any process above enumerated, and not otherwise provided for, the sum of ten cents per mile going and returning, comprising the distance from the place of service to the place of return; if two or more persons are named in the writ, the fee shall be charged for the distance actually and necessarily traveled in the service of the same." The clauses above quoted are the last and concluding ones of a lengthy schedule contained in that section of the fee bill act of 1866, and it provides a complete list and rate of charges to be allowed for the official services of sheriffs. The preceding clauses of the section enumerates and provides for the fee to be allowed the sheriff for serving and executing all species of writs, civil and crimnal, and also notices of various kinds, certain of the writs referred to come within the legal definition and meaning of the term "process" and as to some the statute, in connection with the fee which is prescribed for the service of executing the writ goes on to make further and specific provision for the allowance of mileage, and in such instance it will be noticed that the mileage when allowed is not "for each mile going and returning," as is provided for those case contemplated under the clause relied on by the plaintiff. Certain other of the writes provided for in the section of the statute referred to (Art., 6839,Pasch. Dig.) simply provide for the fee to be allowed for serving such process,

without referring to compensation in the way of mileage. We think it quite free from doubt, that the concluding clauses of the section which have been quoted have reference to the latter class of process writs which have just been indicated, and have no allusion whatever to writs, notices, or precepts for summoning jurors, notices to road overseers, &c. Unquestionably it was the manifest intention of the law to allow to the sheriff compensation in a gross amount for such services as those for which he sued, and that they are not the subject of charge as items of service performed, nor for mileage. We conclude that the judgment ought to be reversed and the cause dismissed by the Supreme Court.

APRIL 10, 1883.

The report of the commissioners of Appeals examined, their opinion adopted and the judgment reversed and the cause dismissed.

WILLIE, C. J.