

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

March 16, 1976

The Honorable Wayne N. Whatley          Opinion No. H-796
Executive Director
Texas Board of Private Investi-         Re: Whether state and
   gators & Private Security          local law enforcement
   Agencies                             agencies may establish
P. O. Box 13509, Capitol Station        training programs for
Austin, Texas  78711                    private security personnel.

Dear Mr. Whatley:

     You have requested our opinion regarding recent amend-
ments to the Private Investigators and Private Security
Agencies Act, article 4413(29bb), V.T.C.S.  Specifically,
you ask:

> 1.  Does the [Texas] Board [of Private
> Investigators and Private Security
> Agencies] have authority to establish
> training programs in state and local
> law enforcement agencies for persons
> in the employ of profit making busi-
> nesses, i.e. private security personnel?
>
> 2.  Do local and state law enforcement
> agencies have authority to accept and
> charge a fee for training persons in the
> employ of profit making businesses, i.e.
> private security personnel?

Section 20(a) of the Act now provides:

> The board shall establish training
> programs to be conducted by agencies and
> institutions approved by the board.  The
> board may approve training programs con-
> ducted by licensees if the licensees offer
> the courses listed in Subsection (b) of
> this section, and if the instructors of

> the training program are qualified instructors
> approved by the board. The board shall
> approve a training program conducted by the
> security department of a private business to
> train its own personnel, without regard to
> its curriculum, if it is adequate for the
> business' security purposes.

Section 20(f) provides in pertinent part:

> The board may not issue a security
> officer commission to an applicant
> employed by the security department
> of a private business unless the
> applicant submits evidence satisfac-
> tory to the board that:
>
> (1)  he has completed an approved
> training course conducted by the
> security department of the business;
>
> . . . .

The Act establishes two distinct classes of private
security personnel:  (1) individuals employed by security
services contractors and (2) those employed in the security
departments of private businesses.  The former engage in the
business of providing security services for other persons;
the latter do not offer or provide security services to any
other person.  Secs. 2(9), 2(10), 2(13).  Section 20(a)
clearly permits the Board to establish training programs for
individuals employed by a security services contractor.
Such programs need only be conducted "by agencies and insti-
tutions approved by the board."  There would seem to be
nothing to prevent state and local law enforcement agencies
from qualifying for such Board approval, if the operation of
such programs is otherwise consistent with their statutory
authority.  But section 20(f), by requiring that a commis-
sion may not be issued to an employee of the security depart-
ment of a private business unless the employee has completed
"an approved training course conducted by the security
department of the business" requires the conclusion, in our
opinion, that the Board may not permit law enforcement

agencies to conduct programs for the purpose of training employees of the security department of a private business.

You also ask whether state and local law enforcement agencies may charge a fee for training persons employed by a security services contractor. The Act provides no specific authority for the imposition of such fees. As to state agencies, we believe the answer is clear. It is well established that, unless a fee is provided by law for an official service required to be performed and the amount fixed by law, none can lawfully be charged. Attorney General Opinions H-669 (1975), H-443 (1974). See Nueces County v. Currington, 162 S.W.2d 687, 688 (Tex.Sup. 1942); McCalla v. City of Rockdale, 246 S.W. 654, 655 (Tex.Sup. 1922). With regard to sheriffs, a similar result obtains. In the absence of some enactment providing for remuneration for a particular service, no fee may be demanded therefor. 52 Tex.Jur.2d, Sheriffs, Constables, and Marshals §38. See Templeton v. Ryburn, 59 Tex. 209 (1883).

A home rule city, on the other hand, may exercise any power not denied it by the Constitution or by statute, so long as the power is incorporated in the city charter. V.T.C.S. art. 1176; Janus Films, Inc. v. City of Fort Worth, 354 S.W.2d 597 (Tex. Civ. App. -- Fort Worth 1962, writ ref'd n.r.e. at 358 S.W.2d 589). You have not requested our opinion as to any particular city, and we therefore conclude that whether a city law enforcement agency may charge a fee for training persons employed by a security services contractor depends upon the terms of the city's charter.

S U M M A R Y

The Texas Board of Private Investigators and Private Security Agencies may establish training programs in state and local enforcement agencies for individuals employed by a security services contractor, but not for the employees of the security department of a private business. In

general, law enforcement agencies may not charge a fee for training private security personnel, but a city law enforcement agency may do so if permitted by the terms of the city's charter.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb