

# The Attorney General of Texas

December 6, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-95

Re: Access by an individual to his own criminal history record.

Dear Mr. Resweber:

You request our opinion on whether the Harris County Sheriff is required to furnish an individual with a copy of his own criminal history record.

No Texas statute speaks directly to this question. Criminal history record information is excepted from required public disclosure under an exception to the Texas Open Records Act. V.T.C.S. art. 6252-17a, S 3(a)(8). This was established in Houston Chronicle Publishing Co. v. City of Houston, 531 S.W.2d 177, 187-188 (Tex. Civ. App. — Houston [14th Dist.] 1975), writ ref'd n.r.e. per curiam, 536 S.W.2d 559 (Tex. 1976). This office has followed and applied this holding in a number of open records decisions. Open Records Decision Nos. 216, p. 5 (1978); 183, p. 5 (1978); 144 (1976); and 127, p. 6 (1976).

The Texas Open Records Act deals primarily with the general public's right to information, and does not provide for a special right of access to the subject of records except in two situations. Special access is given to a governmental employee to his own records in a proviso of section 3(a)(2), and a student is given a right of access to his own records under section 3(a)(14). However, the Texas Open Records Act is not the only means by which information may be obtained, and this office has said that the Act does not restrict a right of access based on an individual's special interest in the information. Open Records Decision No. 127, p. 6 (1976).

The basis on which the court in the Houston Chronicle case, supra, held that criminal history records should not be publicly disclosed was the "potential for massive and unjustified damage to the individual" which could result from indiscriminate release of such records. The court also noted that unauthorized disclosure could jeopardize the availability of federal technical and financial aid and assistance provided under the Omnibus Crime Control and Safe Streets Act of 1968, as amended. 42 U.S.C. SS 3701, 3731(a), and 3771(b).

A common-law right of access which entitles an individual to inspect records held by the government concerning that individual has been recognized. In _Hutchins v. Texas Rehabilitation Commission_, 544 S.W.2d 802 (Tex. Civ. App. — Austin 1976, no writ), the court held that a former patient of the Texas Rehabilitation Commission had a common-law right of access to her own records even though a specific statute made those records confidential as to the general public. We have found no case which has held that this common-law right applies to criminal history information about oneself, but we believe that the principle recognized in the _Hutchins_ case, _supra_, at least provides a sufficient legal basis for an agency to disclose such information to the individual whom it concerns. The Texas Department of Public Safety has adopted a policy that an individual has a right of access and review of his own criminal history record on file with the Department, and has adopted regulations providing a procedure for exercise of this right. Texas Department of Public Safety Rule No. 20L.14.0L.001, issued December 15, 1975. This policy is clearly consistent with the right of individual access recognized in the _Hutchins_ case, _supra_.

Your brief discusses the provisions of the Federal Freedom of Information Act, 5 U.S.C. § 552, and the Federal Privacy Act of 1974, 5 U.S.C. § 552a, in relation to these records. However, neither of these federal Acts applies to a Texas law enforcement agency such as a county sheriff's office. These Acts apply only to an "agency" which is defined as an authority of the Government of the United States. _See_ 5 U.S.C. §§ 551(1), 552(e), and 552a(a)(1). It has been held that the Texas Board of Pardons and Paroles is not an "agency" within the definition in 5 U.S.C. § 551(1) because it is not a federal agency. _Johnson v. Wells_, 566 F.2d 1016 (5th Cir. 1978). Thus neither the Federal Freedom of Information Act nor the Federal Privacy Act of 1974 applies to records held by an agency of this state or its political subdivisions.

Another federal statute and the regulations issued thereunder may affect the disclosure of criminal history record information held by a state or local agency in Texas. The Omnibus Crime Control and Safe Streets Act of 1968, and amendments thereto, established the Law Enforcement Assistance Administration (LEAA) which provides federal technical and financial aid and assistance to state and local agencies. _See_ 42 U.S.C. §§ 3701, 3731(a) and 3771(b). Under the last cited provision, the Law Enforcement Assistance Administration is required to assure that the security and privacy of criminal history record information is adequately provided for. The LEAA has issued regulations pursuant to this authority. _See_ 28 C.F.R. part 20. The regulations are applicable to any state or local agency which has received LEAA funds since July 1, 1973, in connection with the collection, storage, or dissemination of criminal history record information. Section 20.21(g) of the regulations requires submission of a state plan to LEAA setting out procedures including operational procedures to do the following:

> (g) _Access and review._ Insure the individual's right of access and review of criminal history information for purposes of accuracy and completeness by instituting procedures so that —
> (1) any individual shall, upon satisfactory verification of his identity, be entitled to review without undue burden to either the

> criminal justice agency or to the individual, any criminal history information maintained about the individual and obtain a copy thereof when necessary for the purpose of challenge or correction. . . .

Pursuant to this requirement in the federal regulations, the Criminal Justice Division of the Office of the Governor has proposed to adopt rules and guidelines which have been published in the Texas Register, vol. 4, No. 78, pp. 3767-3770, October 16, 1979.

Pertinent portions of the proposed guidelines provide:

> .011.  Access and Review.
> (a) Any individual shall, upon satisfactory verification of his identity, be entitled to review without undue burden to either the criminal justice agency or the individual, any CHRI [criminal history record information] maintained about the individual and obtain a copy of the portion challenged thereof when necessary for the purpose of challenge or correction.
> (b) Points of review shall be the Texas Department of Corrections (for inmates of TDC only), DPS Headquarters, and all sheriffs' offices, police departments, and federal criminal justice agencies which have fingerprint identification capability.
> (c) Administrative review shall be provided and necessary correction made of any claim by the individual to whom the information relates that the information is inaccurate or incomplete.

In addition to the above provisions relating to an individual's right of access to criminal history record information about him held by an agency subject to the federal regulations because of receipt of federal LEAA funds, separate provisions of the regulations deal with agencies which participate in the National Crime Information Center (NCIC) operated by the Federal Bureau of Investigation. Section 20.34 of the LEAA regulations provides:

> § 20.34  Individual's right to access criminal history record information.
> (a) Any individual, upon request, upon satisfactory verification of his identity by fingerprint comparison and upon payment of any required processing fee, may review criminal history record information maintained about him in a Department of Justice criminal history record information system.
>
> (b) If, after reviewing his identification record, the subject thereof believes that it is incorrect or incomplete in any respect and wishes changes, correction or updating of the

alleged deficiency, he should make application directly to the agency which contributed the questioned information. The subject of a record may also direct his challenge as to the accuracy or completeness of any entry on his record to the Assistant Director of the FBI Identification Division, Washington, D.C., 20537. The FBI will then forward the challenge to the agency which submitted the data requesting that agency to verify or correct the challenged entry. If the contributing agency corrects the record, it shall promptly notify the FBI and, upon receipt of such notification, the FBI will make any changes necessary in accordance with the correction supplied by the contributor of the original information.

28 C.F.R. § 20.34, as amended 43 Fed. Reg. 50, 173–50174 (1978).

Your question is posed in terms of whether the Harris County Sheriff is required to furnish an individual a copy of his own criminal history record. The federal LEAA regulations providing a right to access require only that the individual be given a copy of the information about him "when necessary for the purpose of challenge or correction." 28 C.F.R. § 20.21(g)(1). The comments on the regulations indicate that the LEAA did not intend the individual to be able to obtain a copy of his record on demand. See Appendix — Commentary on Selected Sections of the Regulations on Criminal History Record Information Systems, 28 C.F.R. part 20, p. 249, at 252–253. In light of the common-law right of an individual to inspect records about himself, and the federal regulations and guidelines discussed above, we answer your question as follows: The Harris County Sheriff should adopt a reasonable procedure in order to permit an individual to inspect and review criminal history record information about himself. A copy of such information should be provided to the individual when necessary for the purpose of challenging or correcting the information about him.

You also ask whether the Harris County Sheriff is required to furnish a copy of a criminal history record to an individual other than the one to whom the record pertains. The federal LEAA regulations and the proposed guidelines of the Criminal Justice Division speak only in terms of an individual's right of access and review upon satisfactory verification of his identity. They do not appear to contemplate that the individual may exercise this right through an agent. Generally, a person may by contract establish a legal relationship with another to authorize the other to transact business or manage some affair for him. See 2 Tex. Jur.2d, Agency § 1. The relationship of attorney and client is one of agent and principal. Dow Chemical Co. v. Benton, 357 S.W.2d 565 (Tex. 1962); Texas Employers Ins. Ass'n v. Wermske, 349 S.W.2d 90 (Tex. 1961). While we believe that a law enforcement official such as the sheriff may permit an individual to exercise his right of access to criminal history information about him for purposes of challenging or correcting that information through an agent such as his attorney, we have found no law which would require the sheriff to do so.

You next ask whether the Sheriff is required to obtain identification from the person seeking to inspect his own record, and what type of identification is required. The LEAA

regulations applicable to agencies which have received federal funds, 28 C.F.R. § 20.21(g)(1), and the Criminal Justice Division's proposed guidelines only require "satisfactory verification" of the person's identity. The Commentary on the LEAA regulations explains this provision as follows:

> The drafters of the subsection expressly rejected a suggestion that would have called for a satisfactory verification of identity by fingerprint comparison. It was felt that States ought to be free to determine other means of identity verification.

28 C.F.R. part 20, Appendix — Commentary on Selected Sections of the Regulations on Criminal History Record Information Systems, p. 249 at 252, commentary on § 20.21(g)(1). We note that access to information in a Department of Justice System (NCIC) does require verification of identity by fingerprint comparison. 28 C.F.R. § 20.34. It is our opinion that the Sheriff of Harris County may verify the identity of an individual seeking access to his own criminal history record by any reasonable means satisfactory to the Sheriff.

You next ask whether the Sheriff is required to obtain a fee from the person requesting access to his criminal history record. The general rule is that in the absence of some enactment providing for remuneration for a particular service, no fee may be demanded therefor. 52 Tex. Jur.2d, Sheriffs, Constables, and Marshalls § 38, Attorney General Opinion H-796 (1976). See Templeton v. Ryburn, 59 Tex. 209 (1883). We have found no specific authority for a Sheriff to collect a fee for providing an individual access to inspect or copy his own criminal history record. Since the right to inspect or copy does not arise under the Texas Open Records Act, we do not believe that the provisions of that Act concerning costs are applicable. See V.T.C.S. art. 6252-17a, § 9. However, we note that expenses incurred in connection with a Sheriff's operation of a Bureau of Criminal Identification "in keeping with the system in use with the Department of Public Safety of this State or of the United States Department of Justice and/or Bureau of Criminal Identification" are specifically authorized as expenses of a Sheriff which may be paid by the Commissioner's Court under article 3899, V.T.C.S.

## SUMMARY

> A law enforcement agency should permit an individual to review criminal history record information maintained about him and should provide the individual a copy of that portion of the record the accuracy or completeness of which is disputed.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by William G Reid
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Tom Bullington
Jerry Carruth
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid