**Tom SCRIVNER, Relator,**

v.

**Honorable Solomon CASSEB, Presiding Judge, 37th Judicial District, Respondent.**

**No. 04–87–00602–CV.**

Court of Appeals of Texas, San Antonio.

June 22, 1988.

Rehearing Denied July 27, 1988.

John E. Schulman, Margaret K. Schulman, San Antonio, for relator.

Charles S. Frigerio, Baldemar A. Jimenez, City Attys. Office, Mark Ralls, Daniel, Manning & Ralls, Robert O. Switzer, San Antonio, for respondent.

Before CANTU, REEVES and CHAPA, JJ.

## OPINION

**PER CURIAM.**

This is an original mandamus proceeding wherein Tom Scrivner, Relator, seeks to have Respondent, the Honorable Solomon Casseb, rescind the protective order granted on August 25, 1987, which precluded certain pre-trial discovery from the real parties in interest, the City of San Antonio and Officer Juan Estrada of the San Antonio Police Department.

Relator filed suit against the City, Officer Estrada, the city manager and the former city police chief, alleging that he was severely beaten on or about January 27, 1986, by Officer Estrada, who at the time of the occurrence was alleged to be acting in his capacity as a police officer for the City of San Antonio. Interrogatories and requests for production of documents were propounded by Scrivner to both the City and Officer Estrada. Both defendants filed objections to certain of the interrogatories and requests, and each filed a motion for a protective order. Although several distinct areas of discovery were enumerated in the respective motions for protective order, only two specific issues regarding discovery are involved in the instant original mandamus proceeding: (1) whether the City should be required to provide to Relator a list of lawsuits filed against the City since 1983 "based on actions of its law enforcement officers or personnel," and (2) whether the City and/or Officer Estrada should be required to provide internal investigative reports which had been made by or regarding Officer Estrada, arising out of citizen complaints filed with the City prior to the date of the incident out of which Scrivner's lawsuit originated.

With respect to the first of these issues, Relator propounded the following interrogatory to the City:

Please list each lawsuit, giving the name of the Plaintiff, his last known address and telephone number, the cause number and the date filed, from 1983 to the present, against the City of San Antonio based on actions of its law enforcement officers or personnel.

The City in its motion for a protective order resisted Relator's interrogatory by urging that the request was unduly burdensome, pursuant to TEX.R.CIV.P. 166b. As a specific ground in response to the interrogatory, the City argued that:

Since 1983 to the present, Defendant CITY OF SAN ANTONIO has had over two thousand (2,000) lawsuits filed against it claiming various and sundry causes of action. Defendant CITY OF SAN ANTONIO does not categorize its case index into various categories of lawsuits; therefore, the compiling of such data would be an undue burden on the Defendant CITY OF SAN ANTONIO.

In oral argument before this Court, the City asserted that the interrogatory on its face was overbroad, in that it sought information on lawsuits based on "actions of its law enforcement officers and personnel," without limitation on the type of litigation. Relator had no response in oral argument as to why the information sought could not be as readily derived or ascertained from public records in the district or county clerks' offices, as permitted by TEX.R.CIV. P. 168. Relator further acknowledged the overbreadth of the interrogatory by conceding that the question could be restated to encompass only those lawsuits against the City alleging police misconduct or abuse against private citizens. Accordingly, we hold that the interrogatory was overbroad and find that the trial court did not abuse his discretion with regard to denial of Relator's discovery of lawsuits against the City for the subject period of time, and we, therefore, deny the writ of mandamus as to the first of the two discovery issues presented.[1]

The second of the two issues before us is more problematical. Relator sought discovery of certain San Antonio Police Department internal affairs investigation reports regarding Officer Estrada for prior instances where the police department had initiated inquiries into alleged acts of misconduct on Officer Estrada's part. Relator specifically sought by requests for production copies of any and all citizen grievances in the possession of the San Antonio Police Department with respect to Officer Estrada's acts or omissions identified in response to a separate interrogatory; any and all internal affairs investigations regarding Officer Estrada; and any statements, interviews, or other documents resulting from such investigations. From Officer Estrada, Relator sought by interrogatory to ascertain information "about dates and facts and disposition of investigations regarding [him]," and by requests for production to obtain copies of written statements by and about any internal investigation of Officer Estrada. In response to these discovery matters, the City urged generally, pursuant to TEX.R.CIV.P. 166b, that the requested discovery was privileged, but without citing the particular privilege invoked. The City also contended in its motion for a protective order, in response to the request for production of internal affairs investigation reports regarding Officer Estrada, that it had already provided the internal affairs investigation with respect to the incident forming the basis for the instant lawsuit, but that it objected to providing copies of all other citizen grievances or internal affairs investigation reports regarding other incidents, because such documents were "irrelevant and not reasonably calculated to lead to discovery of admissible evidence in the case at bar, and further that said information would only cause to annoy and harass Officer Juan Estrada." The City urged also that production of "statements, reports, recommendations, interviews, or other documents which were a result of such investigations" would be an invasion of Officer Estrada's personal privacy and would have "no bearing on this lawsuit." The City further contended that such documents were not relevant to the instant litigation, but requested that the trial court neverthe-

---

1. A provision of the Order on the respective motions for protective order requires that Juan Estrada produce, among other items, "the names of any and all lawsuits that have been filed against Juan Estrada." The production of information regarding such lawsuits against Officer Estrada is not in issue in the instant proceeding, where no challenge has been brought to that portion of the trial court's ruling.

less conduct an *in camera* inspection of said documents to make a determination on whether or not the documents had to be produced. Officer Estrada also filed a motion for protective order in which he objected to the interrogatory inquiring as to the dates of occurrence, the facts surrounding, and the disposition of each Internal Affairs Division investigation conducted by the San Antonio Police Department or other similar investigative arms of the San Antonio Police Department, on the ground that:

> the information requested is not relevant to the subject matter of this case, does not relate to any claims or defenses involved in this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case. Additionally, the disclosure of the requested information would constitute an unreasonable invasion of the personal, constitutional and property rights of [Estrada] and is consequently the proper subject of a protective order pursuant to Rule 166b.4. of the Texas Rules of Civil Procedure.

In addition, Officer Estrada objected on grounds virtually identical to those asserted immediately preceding to the production of any statements, reports, orders or other documents "which evidence a disposition or description of each and every internal investigation." Relator also sought production of "any and all reports, statements, articles or other documents which [Estrada] produced, authored or generated as a result of the incident made the basis of this suit." Officer Estrada objected that all such documents, other than the offense report which had already been produced, constituted work product, which would be protected under TEX.R.CIV.P. 166b(3)(a).

At the hearing on the respective motions for protective order filed by the City and Officer Estrada, Relator urged the trial court to deny protective orders to the real parties in interest for the reason that one of the issues in the lawsuit is whether there was a pattern or practice of police misconduct with respect to Officer Estrada, which was known to the City prior in time to the incident which forms the basis of this lawsuit. In the statement of facts before us, Relator represented to the trial court that an agreement had been reached that internal investigation documents and personnel records produced by the real parties in interest would remain confidential, if such records were produced. The City responded at the hearing by arguing the nonrelevancy of citizen grievances and internal affairs files, with regard to occurrences other than the one forming the basis for the lawsuit. Officer Estrada adopted the argument of the City at the hearing and re-urged the City's contentions with respect to the internal affairs documents sought by Relator, at which point counsel for the City represented to the trial court that all the subject internal affairs files were present and available for the court to conduct an *in camera* inspection. All parties agree, and the record supports the contention of Relator, that the trial court made no inspection of the documents so tendered. At the conclusion of the hearing, the trial court granted both motions for protective order as to all matters in controversy here, but also included a provision requiring Officer Estrada "to furnish, within his knowledge, a list of any claims or lawsuits that have been made against him for same or similar acts of [sic] which the plaintiff's cause of action is based." Officer Estrada has not challenged that portion of the trial court's order.

It is significant that the City, in oral argument before this Court, conceded that the internal affairs documents sought by Relator could possibly be relevant, if such documents demonstrated a pattern, practice or policy of police misconduct by the defendant police officer. Therefore, we are left to consider only whether the documents are privileged, as the City and Officer Estrada have urged.

■ In its motion for protective order, the City responded to the request for production of all citizen grievances and internal affairs investigations with respect to Officer Estrada, by stating that:

> Defendant CITY OF SAN ANTONIO has produced for the Plaintiff a copy of all the Internal Affairs investigations, statements of witnesses and other investiga-

tions regarding the incident made the basis of this lawsuit.

The City objected to production of any other citizen grievances or internal affairs investigations filed regarding Officer Estrada, asserting only the aforementioned nonrelevancy and privacy arguments. The City did, however, cite the recent decision of the Supreme Court of Texas in *Hobson v. Moore*, 734 S.W.2d 340 (Tex.1987), in which the Court, in an original mandamus proceeding, recognized the Texas Open Records Act exemption from disclosure in civil litigation with respect to:

> records of law enforcement agencies and prosecutors that deal with the detection, investigation and prosecution of crime and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution.

*Id.* at 340–41, *citing* TEX.REV.CIV.STAT. ANN. art. 6252–17a, § 3(a)(8). The City and Officer Estrada both concede, however, that this particular privilege was not raised for the first time in the instant lawsuit, until the date of the hearing on the respective motions for protective order, which all parties agree occurred approximately forty (40) days after the discovery was originally propounded and clearly outside the period of time permitted for such a privilege to have been timely asserted. Without determining the validity of the contention by the real parties in interest as to the applicability of this particular Texas Open Records Act exemption to the facts of the case before us, we find, just as the Supreme Court found in *Hobson*, that the privilege was not asserted in a timely manner and was, therefore, waived.

■ In *Peeples v. Fourth Supreme Judicial Dist.*, 701 S.W.2d 635 (Tex.1985), the Supreme Court of Texas outlined the procedure to be followed by a party seeking to exclude documents from discovery. Although the claims in *Peeples* concerned relevancy and a party's right to privacy, the same procedure applies to claims of privilege. Any party who seeks to exclude documents from discovery must specifically plead the particular privilege, immunity or exclusion applicable to the document in question and produce evidence supporting such claim. In *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56 (Tex.1986) (per curiam), the Supreme Court of Texas enunciated the trial court's function once the particular privilege, immunity or exclusion has been specifically pleaded:

> The trial court must then determine whether an *in camera* inspection is necessary, and, if so, the party seeking protection must segregate and produce the documents to the court. Under certain circumstances, such as when relevancy or harassment is the basis for protection, affidavits or live testimony may be sufficient proof. When, however, the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege.

*Id.* at 58. In the instant case, both the City and Officer Estrada contend that they objected to production of the discovery in question on the general ground that such documents were outside the scope of discovery as provided under TEX.R.CIV.P. 166b. The specific privilege which they have belatedly attempted to assert is the exemption provided under the Texas Open Records Act for law enforcement agencies, as recognized in *Hobson, supra*. Admittedly, the specific privilege asserted was not timely urged by the City and, thus, under the *Hobson* rationale, was waived. Officer Estrada, as has already been noted, timely objected that all documents produced, authored or generated as a result of the incident made the basis of the lawsuit, other than the offense report for the incident on which the lawsuit is based (and which has already been produced), are attorney work product and thus, protected from disclosure. Accordingly, we hold that, as to the City of San Antonio, the particular privilege which might have protected the citizen grievances and internal affairs documents from discovery was not timely urged and, therefore was waived. As to Officer Estrada, we find that the work product exemption was timely plead, and it

was, therefore, an abuse of discretion for the trial court to refuse to review the documents alleged to be exempted from discovery.

Accordingly, we find that the protective order entered by Judge Casseb as to the second of the discovery issues (regarding the discoverability of the police internal affairs files) was improvidently granted as to the City of San Antonio. We, therefore, conditionally grant the writ of mandamus to require the trial court to vacate that portion of his protective order which precluded discovery of the internal affairs documents, pursuant to TEX.GOV'T CODE ANN. § 22.221 (Vernon 1968), where objections to their production were untimely and, thus, waived. We further observe that Officer Estrada timely urged the work product exemption as to "all reports, statements, articles or other documents which [Estrada] produced, authored or generated as a result of the incident made the basis of this suit," however, the trial court abused its discretion in failing to review the alleged-exempt materials in accordance with *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56 (Tex.1986) (per curiam). Therefore, we conditionally grant the writ of mandamus to require the trial court to review the tendered documents *in camera* in consonance with *Weisel* and its progeny.