HOUSTON CHRONICLE PUBLISHING COMPANY, Petitioner,

v.

CITY OF HOUSTON et al., Respondents.

No. B-5773.

Supreme Court of Texas.

April 28, 1976.

Liddell, Sapp, Zivley & Brown, W. Robert Brown, Robert J. King and Charles H. Waters, Jr., Houston, for petitioner.

Jonathan S. Day, City Atty., Houston, John L. Hill, Atty. Gen., David Kendall, Jr., First Asst. Atty. Gen., Austin, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

The Houston Chronicle filed this action seeking an interpretation of the Texas Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (supp.1975). The trial court held that sections 3(a)(1), 3(a)(8), 6(1), 6(15), and 14(a) of the Act were unconstitutional and held that the Act does not provide a lawful basis for the withholding of police records. The court of civil appeals reversed the trial court's holdings that the stated provisions were unconstitutional, but also ordered the disclosure of certain kinds of records. 531 S.W.2d 177. The Houston Chronicle has filed an application for writ of error, insisting that all of the police records must be disclosed. The City of Houston and the other defendants have not complained of the judgment of the court of civil appeals.

There are three different kinds of police records in controversy: Offense Reports, Personal History and Individual Arrest Records, and administrative records. Offense Reports compile information concerning a specific crime. The information sometimes includes the names and description of any suspects, names of persons arrested for this particular crime, name and description of the complainant, place of the crime, names of witnesses, a detailed description of the offense, the police officer's evaluation of the witnesses or suspect, synopsis of confessions and police laboratory reports. Personal History and Individual Arrest Records contain information on particular persons suspected of crimes. They contain the suspect's name and personal data including a mug shot, marital status and names of relatives. The primary purpose of the Personal History and Individual Arrest Record is to list chronologically all of the offenses for which the person has ever been arrested; however, the final disposition of the charge is not always noted. The third kind of record, broadly categorized as administrative records, consists of three kinds of documents, Arrest Sheets, Show-Up Sheets, and the Blotter. In general, these three records include such information as the name, age, race of one arrested, the place of the arrest, the offense charged, and the name of the arresting officer. The Houston Chronicle claims that the press is entitled to all information contained in Offense Reports and Personal History and Arrest Records pursuant to the Texas Open Records Act or, in the alternative, that the press has a constitutional right of access to such information.

The court of civil appeals held that the Houston Chronicle was entitled to the information contained in the administrative records. The court denied any right of access to the Personal History and Individual Arrest Records. The court also held that upon constitutional grounds and indepen-

dent of the Open Records Act, the Houston Chronicle was entitled to certain information contained in the Offense Reports which that court identified as "the offense committed, location of the crime, identification and description of the complainant, the premises involved, description of the weather, a detailed description of the offense in question, and the names of the investigating officers." The court's decision requiring disclosure of the designated parts of the Offense Reports was grounded upon the First Amendment to the United States Constitution and the eighth section of Article I of the Texas Constitution and not upon the Texas Open Records Act.

We agree with the opinion of the court below that neither the Texas Open Records Act nor the United States or Texas Constitutions requires disclosure of the complete records sought by the Houston Chronicle, and we therefore refuse the Chronicle's application for writ of error, no reversible error. Since the City of Houston has not filed an application for writ of error complaining of the court of civil appeals' judgment, it is the opinion of the majority of the court that we reserve the question as to whether the press and public have a statutory or constitutional right to obtain all of the information which the court of civil appeals has held to be public information.