**CITY OF HOUSTON, J.E. Hobson and David Lott, Relators,**

v.

**The Honorable Louis M. MOORE, Respondent.**

**No. A14–87–094–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 16, 1987.

Rehearing Denied May 14, 1987.

Mark F. Elvig, Houston, for relators.

Robert V. Holland, Jr. and Kelly D. Stephens, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

ORIGINAL PROCEEDING

ROBERTSON, Justice.

This court previously granted leave to file a petition for writ of mandamus by which relators seek to have the respondent district judge ordered to set aside an order requiring relators Hobson and Lott to answer interrogatories. We deny the petition.

Relators Hobson and Lott, police officers for the City of Houston, were investigating the possible connection of Marlon Ray Davis to several pieces of stolen heavy equipment. Although Davis was arrested and released without any criminal charges being filed, the officers continued their investigation. Davis subsequently filed suit against the city and the officers. Davis served interrogatories upon counsel for relators specifying answers must be made within 30 days. The interrogatories sought information concerning the investigation being conducted by the officers. When relators had not answered within 30 days, Davis filed a motion for sanctions. Each relator then filed his response to the interrogatories. However, with the exception of one negative answer and one "N/A" answer, the interrogatories were answered: "OBJECTION. This interrogatory seeks to discover information pertaining to an on-going criminal investigation being conducted by the Houston Police Department, and as such this information is privileged and not discoverable." An additional objection was made to some of the interrogatories that the information sought was "irrelevant to the merits of plaintiff's allegation in this lawsuit." Shortly thereafter, Davis filed an amended motion for sanctions. Relators have never sought a protective order from the trial court as authorized by rules 166b and 168 of the Texas Rules of Civil Procedure. Following the hearing on Davis' amended motion, the trial court ordered relators to "provide full and complete answers" within 30 days and that the failure to do so would be considered contempt of court.

The supreme court has provided in no uncertain terms the procedure to be followed when discovery is resisted. The re-

sisting party must specifically plead the particular privilege or immunity claimed and request a hearing. The court then must determine whether an in camera inspection is necessary. If such inspection is found necessary, the materials for which the inspection is sought must be segregated and produced to the court. Failure to follow this procedure constitutes a waiver of any complaint of the trial court's action. *Peeples v. The Honorable Fourth Supreme Judicial Dist.*, 701 S.W.2d 635 (Tex. 1985); *see also, Jordan v. The Honorable Court of Appeals for the Fourth Supreme Judicial Dist.*, 701 S.W.2d 644 (Tex.1985).

Having failed to follow the above procedure, relators cannot now complain of the order compelling them to answer the interrogatories.

The petition for writ of mandamus is denied.