J.E. HOBSON and David Lott, Relators,

v.

The Honorable Louis MOORE, Respondent.

No. C–6453.

Supreme Court of Texas.

July 15, 1987.

John J. Hightower, City Attorney, Jerry E. Smith, Ass't City Atty., Houston, for relators.

Robert V. Holland, Jr. and Kelly D. Stephens, Orsburn & Holland, Houston, for respondent.

OPINION

CAMPBELL, Justice.

This is an original mandamus proceeding to compel the trial court to set aside its order requiring relators, police officers J.E. Hobson and David Lott, to answer interrogatories inquiring into an "ongoing criminal investigation." The officers contend the information is privileged from discovery. We recognize a privilege, but conclude it has been waived by failure to assert timely objections.

Marlon Ray Davis sued officers Hobson and Lott over their investigation into his possible connection with thefts of heavy equipment. On September 23, 1986, Davis served interrogatories on the officers seeking information about their investigation. The officers responded on October 29, six days late. They claimed the information sought was privileged because it pertained to an ongoing criminal investigation.

Davis sought sanctions, contested the existence and applicability of a privilege, and alternatively argued that any privilege was waived by the officers' failure to timely file objections. The trial court ordered the officers to answer the interrogatories. The court of appeals denied mandamus relief, 732 S.W.2d 28, because the officers did not request a protective order and failed to comply with *Peeples v. Fourth Court of Appeals*, 701 S.W.2d 635 (Tex.1985). The officers now seek mandamus relief in this court.

The need for confidentiality in law enforcement activities is recognized in statutory law. Section 3(a)(8) of the Texas Open Records Act, TEX.REV.CIV.STAT. ANN. art. 6252–17a, exempts from disclosure:

> records of law enforcement agencies and prosecutors that deal with the detection; investigation and prosecution of crime

and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution;

We recognize this privilege in civil litigation for law enforcement investigation. *See Houston Chronicle Pub. Co. v. City of Houston,* 531 S.W.2d 177 (Tex.Civ.App.—Houston [14th Dist.], writ ref'd n.r.e. per curiam) 536 S.W.2d 559 (Tex.1976). We conclude, however, the privilege has been waived in this case. Objections to interrogatories are due within thirty days after the interrogatories are served. TEX.R.CIV.P. 168(6). A failure to timely object to interrogatories waives any objection, unless an extension of time is granted or good cause is shown for the delay. *See Independent Insulating Glass Inc. v. Street,* 722 S.W.2d 798 (Tex.Civ.App.—Fort Worth 1987) (orig. proceeding). Here, no extension of time was sought, nor was any justification offered to excuse the late filing.

We deny the officers' petition for writ of mandamus, and dissolve the stay granted by this court.

GONZALEZ, J., concurs and dissents.

GONZALEZ, Justice, concurring and dissenting.

Due to a lawyer's "blunder" in answering interrogatories six days late, without a showing of how Davis was harmed or prejudiced, this court is requiring law enforcement officials to turn over the names (including confidential informants), addresses and statements to a suspect in an ongoing multi-state criminal investigation. This exalts form over substance and this I am unwilling to do. In weighing the competing interests—strict application of the rules versus non-interference with ongoing criminal investigations—under the facts of this case, the better rule is that we give priority to protecting ongoing criminal investigations.

Petitioners' written objections to the interrogatories had been on file for more than 60 days prior to the trial court's ruling on the Motion for Sanctions. The interrogatories clearly inquired into confidential and privileged matters. The court's decision today will hamper and frustrate the ongoing criminal investigation. *See Ex parte Pruitt,* 551 S.W.2d 706 (Tex.1977).

Before today, there was no Texas precedent for the action taken by the court. The *Independent Insulating Glass, Inc. v. Street,* 722 S.W.2d 798 (Tex.App.—Fort Worth 1987, writ dism'd) case is distinguishable. That case involved a delay of almost four months in answering interrogatories, and repeated requests by counsel for more time to answer, followed by repeated failure to meet the agreed upon "extension."

For the above reasons, I would make the court's holding prospective only.