Robert Bernstein, M.D., F.A.C.P. Commissioner Texas Department of Health 1100 West 49th Street Austin, Texas 78756-3199
Re: Whether documents which are excepted from disclosure under the Open Records Act, article 6252-17a, V.T.C.S., might nevertheless be available under Rule 167, Texas Rules of Civil Procedure, in an administrative hearing (RQ-1629)
Dear Dr. Bernstein:
You ask about the effect of the Texas Open Records Act, article 6252-17a, V.T.C.S., on certain administrative proceedings before the Texas Department of Health. Article 4442c, V.T.C.S., authorizes the Texas Department of Health to license and regulate convalescent and nursing homes and related institutions. Section 16 of article 4442c requires that any person and any owner or employee of an institution subject to the act report abuse or neglect to the department or to an appropriate law enforcement agency. Subsection (e) of section 16 requires that the department investigate reports of abuse or neglect. The department must prepare a report on its investigations and submit the report to appropriate law enforcement agencies. V.T.C.S. art. 4442c, s 16(e)(5). Article 4442c also authorizes the department to assess administrative penalties for violations of the act or the department's rules. See id. § 12A.
Your request for an opinion from this office arose from the department's investigation of a particular nursing home. The attorney for the nursing home requested a hearing. See art. 4442c, § 12A(h). After requesting a hearing, the attorney submitted to the department a request for production of the department's investigatory records and referral letters from the department to law enforcement agencies regarding the investigation. You indicate that the department responded to the request as if it were a request under the Texas Open Records Act, article 6252-17a, V.T.C.S. The department unilaterally denied access on the basis of section 3(a)(3) of article 6252-17a, the litigation exception, because the matter had been referred to the appropriate authorities for possible litigation. See art. 4442c, § 16(e)(5). You ask whether documents that the Open Records Act exceptions protect from required public disclosure are also protected from discovery in the department's administrative hearings.
Administrative hearings on reports of neglect and abuse must be held in compliance with the Administrative Procedure and Texas Register Act (APTRA), article 6252-13a, V.T.C.S. See art. 6252-13a, § 3(2) (contested cases); art. 4442c, § 12A(h) (proceedings subject to the APTRA). Discovery in administrative hearings under the APTRA is governed by the Texas Rules of Civil Procedure. See art. 6252-13a, § 14a(a); Attorney General OpinionJM-292 (1984). Cf. Superior Oil Co. v. Railroad Commission of Texas, 519 S.W.2d 479 (Tex.Civ.App.-El Paso 1975, writ ref'd n.r.e.). Section 14a(a)(1) of the APTRA authorizes administrative agencies to order the production of documents. Section 14(a) of the APTRA provides that the rules of evidence in non-jury civil cases in district courts apply and that "[a]gencies shall give effect to the rules of privilege recognized by law." Rule 166b of the Texas Rules of Civil Procedure sets out certain matters protected from discovery by privilege, including "[a]ny matter protected from disclosure by any other privilege." Tex.R.Civ.Proc. 166b, § 3e. Article V of the Texas Rules of Civil Evidence sets forth privileges applicable to "civil proceedings in all courts of Texas other than small claims courts." Tex.R.Civ.Evid.R. 101(b).
You ask about the relevance of exceptions under the Open Records Act to administrative discovery. The Open Records Act governs the general public's right of access to information held by governmental bodies; no provision of the Open Records Act controls a litigant's discovery rights in civil litigation. See Attorney General Opinion H-231 (1974); see also Attorney General Opinion MW-464 (1982); Open Records Decision No. 418 (1984). The fundamental purposes of the Open Records Act and of civil discovery provisions differ. The general purpose of the Texas Open Records Act is the same as that of the federal Freedom of Information Act, 5 U.S.C. § 552, and many of the provisions of the Open Records Act track the language of the federal act. See Attorney General Opinion H-436 (1974); Open Records Decision No. 464 (1987). Construction of the federal act with regard to the discovery question is therefore instructive. The Freedom of Information Act does not create or diminish privileges from civil discovery. Chamber of Commerce of the United States v. Legal Aid Soc'y of Alameda County, 423 U.S. 1309, 1310-11 (Douglas, Circuit Justice, 1975); Association for Women in Science v. Califano,566 F.2d 339, 342 (D.C. Cir. 1977). Additionally, other states' courts have reached the same conclusion with regard to state open records laws and city charter open records provisions. See, e.g., Martinelli v. Dist. Court in and for the City and County of Denver, 612 P.2d 1083, 1093-94 (Colo. 1980) (Colorado open records laws do not limit scope of civil discovery); Tighe v. City and County of Honolulu, 520 P.2d 1345, 1348 (Haw. 1974) (open records provision of Honolulu City Charter does not limit rules of civil procedure); see also Burke v. Yudelson,378 N.Y.S.2d 165, 166 (N.Y.App.Div. 1976) (civil discovery rules do not restrict disclosure of records made public by New York's Freedom of Information Law). The Texas Open Records Act does not create new privileges from civil discovery.
The Texas Supreme Court recognized a privilege in civil litigation for certain law enforcement investigation information. In Hobson v. Moore, the Supreme Court stated:
 The need for confidentiality in law enforcement activities is recognized in statutory law. Section 3(a)(8) of the Texas Open Records Act, TEX.REV.CIV.STAT.ANN. art 6252-17a, exempts from disclosure:
 records of law enforcement agencies and prosecutors that deal with the detection, investigation and prosecution of crime and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution;
 We recognize this privilege in civil litigation for law enforcement investigation. (Emphasis added.)
734 S.W.2d 340, 341 (Tex. 1987). See also Villarreal v. Dominguez, 745 S.W.2d 570 (Tex.App.-Corpus Christi 1988, no writ); Scrivner v. Casseb, 754 S.W.2d 354 (Tex.App.-San Antonio 1988, no writ).
Texas courts, however, have not directly addressed the issue of whether the Open Records Act creates new privileges from discovery. In Hobson v. Moore, the Texas Supreme Court did not hold that the Texas Legislature created a new privilege from civil discovery when it adopted the Texas Open Records Act. Instead, the court apparently recognized an existing privilege for certain law enforcement investigation information that covers some of the same kinds of information described by section 3(a)(8) of the Open Records Act.[1] In contrast, in Ex parte Pruitt, 551 S.W.2d 706 (Tex. 1977), the court expressly concluded that article 1606c, V.T.C.S., precluded discovery of a county fire marshal's active investigatory files. The court in Ex parte Pruitt discussed section 3(a)(8) of article 6252-17a, V.T.C.S., only by analogy.
Moreover, you do not suggest that a privilege from discovery for certain law enforcement investigations applies to the case you present. You contend that section 3(a)(3), the litigation exception, protects the information at issue from discovery. Section 3(a)(3) protects information related to litigation when release of the information would impair the governmental body's litigation strategy. Open Records Decision No. 478 (1987). Section 3(a)(3) was intended to prevent the use of the Open Records Act as a method to avoid discovery rules. Open Records Decision No. 108 (1975). It would be illogical to conclude that a provision intended to prevent circumvention of the discovery process would exempt information from discovery. Section 3(a)(3) of the Open Records Act does not create a privilege from civil discovery.
You also contend that section 3(a)(1) of the Open Records Act in conjunction with section 16(h) of article 4442c protects the information from discovery. Section 3(a)(1) protects information "deemed confidential by law," including information deemed confidential by statute. Section 16(h) provides for "confidentiality" as follows:
The reports, records, and working papers used or developed in an investigation made under this chapter are confidential and may be disclosed only for purposes consistent with the regulations adopted by the investigating agency. (Emphasis added.)
This provision, in conjunction with section 3(a)(1) of the Open Records Act, protects from required public disclosure the department's reports, records, and working papers used or developed in an investigation of abuse or neglect. As indicated, however, the Open Records Act does not govern the availability of information to a party seeking the information through discovery in an administrative proceeding.
The hearing examiner assigned to this case must consider whether laws governing discovery apply to the report that you wish to withhold from discovery and that you claim is confidential under section 16(h) of article 4442(c). See, e.g., Tex.R.Civ.Evid. 502; but see Jordan v. Court of Appeals for the Fourth Supreme Judicial Dist., 701 S.W. No. 2d 644, 646 (Tex. 1985). Additionally, section 16(d) of article 4442c, V.T.C.S., provides as follows:
 In any proceeding regarding the abuse or neglect of an institution resident or the cause of any abuse or neglect, evidence may not be excluded on the ground of privileged communication except in the case of communications between attorney and client. (Emphasis added.)
This provision is relevant to the availability of the documents at issue in administrative discovery. This decision does not, however, address its relevance because your question is limited to the application of Open Records Act exceptions and because administrative discovery questions arising under article 6252-13a, V.T.C.S., must be resolved by the administrative agency with jurisdiction.
 SUMMARY
The Open Records Act does not create privileges from discovery. Neither section 3(a)(3) of the Open Records Act nor section 3(a)(1) in conjunction with section 16(h) of article 4442c, V.T.C.S., protects the Texas Department of Health's investigatory records from civil discovery requests made by parties in the department's contested case hearings held under the Administrative Procedure and Texas Register Act, article 6252-13a, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Jennifer S. Riggs Chief Open Government Section of the Opinion Committee
 Prepared by Jennifer S. Riggs Assistant Attorney General
[1] Further, in Hobson v. Moore, 734 S.W.2d 340 (Tex. 1987), and its progeny, the exact nature of the privilege was not determined because it had been waived. The "holding" in Hobson v. Moore, could therefore be viewed as dicta.