

# THE ATTORNEY GENERAL
## OF TEXAS

May 19, 1989

JIM MATTOX
ATTORNEY GENERAL

Robert Bernstein, M.D., F.A.C.P.      Opinion No. JM-1048
Commissioner
Texas Department of Health            Re: Whether documents which
1100 West 49th Street                 are excepted from disclo-
Austin, Texas  78756-3199             sure under the Open Records
                                      Act, article    6252-17a,
                                      V.T.C.S., might neverthe-
                                      less be available    under
                                      Rule 167, Texas Rules of
                                      Civil Procedure,   in   an
                                      administrative     hearing
                                      (RQ-1629)

Dear Dr. Bernstein:

You ask about the effect of the Texas Open Records Act, article 6252-17a, V.T.C.S., on certain administrative proceedings before the Texas Department of Health. Article 4442c, V.T.C.S., authorizes the Texas Department of Health to license and regulate convalescent and nursing homes and related institutions. Section 16 of article 4442c requires that any person and any owner or employee of an institution subject to the act report abuse or neglect to the department or to an appropriate law enforcement agency. Subsection (e) of section 16 requires that the department investigate reports of abuse or neglect. The department must prepare a report on its investigations and submit the report to appropriate law enforcement agencies. V.T.C.S. art. 4442c, § 16(e)(5). Article 4442c also authorizes the department to assess administrative penalties for violations of the act or the department's rules. See id. § 12A.

Your request for an opinion from this office arose from the department's investigation of a particular nursing home. The attorney for the nursing home requested a hearing. See art. 4442c, § 12A(h). After requesting a hearing, the attorney submitted to the department a request for production of the department's investigatory records and referral letters from the department to law enforcement agencies regarding the investigation. You indicate that the department responded to the request as if it were a request under

the Texas Open Records Act, article 6252-17a, V.T.C.S.   The department unilaterally denied access  on the basis of  section 3(a)(3) of article 6252-17a, the litigation  exception, because the  matter had  been  referred to  the  appropriate authorities  for  possible  litigation.  See  art.   4442c, § 16(e)(5).   You ask whether documents that the Open Records Act exceptions protect from  required public disclosure  are also  protected  from  discovery  in  the  department's administrative hearings.

Administrative hearings on reports of neglect and abuse must be held in compliance with the Administrative Procedure and Texas Register Act  (APTRA), article 6252-13a,  V.T.C.S. See art.  6252-13a, § 3(2)  (contested cases);  art.  4442c, § 12A(h) (proceedings subject to  the APTRA).  Discovery  in administrative hearings under the  APTRA is governed by  the Texas  Rules  of  Civil  Procedure.  See  art.   6252-13a, § 14a(a);  Attorney  General  Opinion  JM-292  (1984).  Cf. Superior Oil Co. v. Railroad Commission of Texas, 519 S.W.2d 479 (Tex.  Civ. App.  -  El  Paso 1975,  writ ref'd  n.r.e.). Section 14a(a)(1)  of  the APTRA  authorizes  administrative agencies to  order  the production  of  documents.   Section 14(a) of the APTRA  provides that the  rules of evidence  in non-jury civil  cases  in  district courts  apply  and  that "[a]gencies shall  give effect  to  the rules  of  privilege recognized by law."  Rule 166b  of the Texas Rules of  Civil Procedure sets out certain matters protected from  discovery by  privilege,  including  "[a]ny  matter  protected  from disclosure by  any other  privilege."  Tex. R.  Civ.  Proc. 166b, § 3e.   Article V of the Texas Rules of Civil  Evidence sets forth privileges  applicable to  "civil proceedings  in all courts of Texas other  than small claims courts."  Tex. R. Civ. Evid. R. 101(b).

You ask  about the  relevance of  exceptions under  the Open Records  Act  to administrative discovery.  The  Open Records Act governs the general public's right of access  to information held by governmental bodies; no provision of the Open Records Act controls  a litigant's discovery rights  in civil  litigation.  See Attorney  General  Opinion  H-231 (1974); see also  Attorney  General Opinion  MW-464  (1982); Open Records  Decision No, 418  (1984).  The  fundamental purposes of  the Open  Records Act  and of  civil  discovery provisions differ.  The  general purpose of  the Texas  Open Records Act is the  same as that of  the federal Freedom  of Information Act, 5 U.S.C. § 552, and many of the  provisions of the Open Records  Act track the  language of the  federal act.   See  Attorney General Opinion  H-436  (1974);  Open Records  Decision No.  464  (1987).  Construction  of  the federal  act  with  regard  to  the  discovery  question  is

therefore instructive.  The Freedom of Information Act  does not create  or  diminish privileges  from  civil  discovery. Chamber of Commerce of the United States v. Legal Aid Soc'y of Alameda County, 423 U.S. 1309, 1310-11 (Douglas,  Circuit Justice,  1975);  Association  for  Women  in  Science  v. Califano, 566 F.2d 339, 342 (D.C. Cir. 1977).  Additionally, other states' courts have  reached the same conclusion  with regard to  state open 'records laws  and city  charter  open records provisions.  See, e.g., Martinelli v. Dist. Court in and for  the  City and  County  of Denver,  612  P.2d  1083, 1093-94 (Colo.  1980) (Colorado  open  records laws  do  not limit scope of civil discovery); Tighe v. City and County of Honolulu,  520  P.2d 1345,  1348  (Haw. 1974)  (open  records provision of Honolulu City Charter  does not limit rules  of civil procedure); see also  Burke v. Yudelson, 378  N.Y.S.2d 165, 166 (N.Y. App. Div. 1976) (civil discovery rules do not restrict disclosure  of records  made public  by New  York's Freedom of  Information Law).   The Texas  Open Records  Act does not create new privileges from civil discovery.

The Texas Supreme Court recognized a privilege in civil litigation  for  certain  law  enforcement  investigation information.   In Hobson v. Moore, the Supreme Court stated:

> The  need  for  confidentiality  in  law enforcement activities  is  recognized  in statutory law.  Section 3(a)(8) of the  Texas Open Records Act, TEX.REV.CIV.STAT. ANN.  art 6252-17a, exempts from disclosure:
>
> > records of  law enforcement  agencies  and prosecutors that deal with the  detection, investigation and prosecution of crime and the internal records and notations of such law enforcement  agencies and  prosecutors which are maintained  for internal use  in matters relating  to law  enforcement  and prosecution;
>
> We recognize this privilege in civil  litiga- tion  for  law  enforcement  investigation. (Emphasis added.)

734 S.W.2d 340,  341 (Tex.  1987).  See  also Villarreal  v. Dominguez, 745 S.W.2d 570 (Tex. App. - Corpus Christi  1988, no writ); Scrivner v.  Casseb, 754 S.W.2d  354 (Tex. App.  - San Antonio 1988, no writ).

Texas courts, however, have not directly addressed  the issue of whether the Open Records Act creates new privileges

from discovery.   In Hobson v. Moore, the Texas Supreme Court did not hold that the Texas Legislature created a new privilege from civil discovery when it adopted the Texas Open Records Act.   Instead, the court apparently recognized an existing privilege for certain law enforcement investigation information that covers some of the same kinds of information described by section 3(a)(8) of the Open Records Act.[1]   In contrast, in Ex parte Pruitt, 551 S.W.2d 706 (Tex. 1977), the court expressly concluded that article 1606c, V.T.C.S., precluded discovery of a county fire marshal's active investigatory files.   The court in Ex parte Pruitt discussed section 3(a)(8) of article 6252-17a, V.T.C.S., only by analogy.

Moreover, you do not suggest that a privilege from discovery for certain law enforcement investigations applies to the case you present.   You contend that section 3(a)(3), the litigation exception, protects the information at issue from discovery.   Section 3(a)(3) protects information related to litigation when release of the information would impair the governmental body's litigation strategy.   Open Records Decision No. 478 (1987).   Section 3(a)(3) was intended to prevent the use of the Open Records Act as a method to avoid discovery rules.   Open Records Decision No. 108 (1975).   It would be illogical to conclude that a provision intended to prevent circumvention of the discovery process would exempt information from discovery.   Section 3(a)(3) of the Open Records Act does not create a privilege from civil discovery.

You also contend that section 3(a)(1) of the Open Records Act in conjunction with section 16(h) of article 4442c protects the information from discovery.   Section 3(a)(1) protects information "deemed confidential by law," including information deemed confidential by statute. Section 16(h) provides for "confidentiality" as follows:

> The reports, records, and working papers used or developed in an investigation made under this chapter are confidential and may be disclosed only for purposes consistent with

---

1.   Further, in Hobson v. Moore, 734 S.W.2d 340 (Tex. 1987), and its progeny, the exact nature of the privilege was not determined because it had been waived.   The "holding" in Hobson v. Moore, could therefore be viewed as dicta.

the regulations adopted by the investigating agency. (Emphasis added.)

This provision, in conjunction with section 3(a)(1) of the Open Records Act, protects from required public disclosure the department's reports, records, and working papers used or developed in an investigation of abuse or neglect. As indicated, however, the Open Records Act does not govern the availability of information to a party seeking the information through discovery in an administrative proceeding.

The hearing examiner assigned to this case must consider whether laws governing discovery apply to the report that you wish to withhold from discovery and that you claim is confidential under section 16(h) of article 4442(c). See, e.g., Tex. R. Civ. Evid. 502; but see Jordan v. Court of Appeals for the Fourth Supreme Judicial Dist., 701 S.W. No. 2d 644, 646 (Tex. 1985). Additionally, section 16(d) of article 4442c, V.T.C.S., provides as follows:

> In any proceeding regarding the abuse or neglect of an institution resident or the cause of any abuse or neglect, evidence may not be excluded on the ground of privileged communication except in the case of communications between attorney and client. (Emphasis added.)

This provision is relevant to the availability of the documents at issue in administrative discovery. This decision does not, however, address its relevance because your question is limited to the application of Open Records Act exceptions and because administrative discovery questions arising under article 6252-13a, V.T.C.S., must be resolved by the administrative agency with jurisdiction.

## S U M M A R Y

> The Open Records Act does not create privileges from discovery. Neither section 3(a)(3) of the Open Records Act nor section 3(a)(1) in conjunction with section 16(h) of article 4442c, V.T.C.S., protects the Texas Department of Health's investigatory records from civil discovery requests made by parties in the department's contested case hearings held under the Administrative Procedure and Texas Register Act, article 6252-13a, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
of the Opinion Committee

Prepared by Jennifer S. Riggs
Assistant Attorney General