Opinion issued September 28, 2006.















In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00471-CV




IN RE WESTWOOD AFFILIATES, L.L.C., Relator




Original Proceeding on Petition for Writ of Mandamus 




O P I N I O N
          By petition for writ of mandamus, Relator, Westwood Affiliates, L.L.C.,
(“Westwood”), challenges the trial court’s May 3, 2006 order denying Westwood’s
motion to compel production of records from the Houston Police Department
(“HPD”).


 In its sole issue, Westwood contends that the trial court abused its
discretion by denying Westwood’s motion to compel production and by issuing a
protective order because HPD failed to demonstrate an applicable privilege. 
          We conditionally grant this petition for writ of mandamus.
Background
          Carolyn Colomb brought a premises liability action against Westwood.


 
Colomb’s son, Lionel McCoy, was shot and killed outside a retail establishment
owned by Westwood. HPD investigated the incident but was unable to identify the
assailant. Westwood contends that HPD’s investigatory materials are critical to
Westwood’s defense in this civil matter. Westwood served HPD with a subpoena
duces tecum requesting “any and all records, reports, correspondence, witness
statements, investigation notes, offense reports, and any and all photographs
pertaining to [the incident].”


 HPD objected on the basis that the information is
privileged, pursuant to Hobson v. Moore, 734 S.W.2d 340 (Tex. 1987), and the Texas
Public Information Act (“TPIA”),


 as part of an ongoing murder investigation that
would be compromised if the information is disseminated.
          On May 3, 2006, the court denied Westwood’s motion to compel production
and issued a protective order, stating that “the records, documents and physical
evidence related to the Houston Police Department’s investigation of the murder of
Lionel Dwayne McCoy [shall] be protected from the disclosure, release and
production requested pursuant to the subpoena issued by Defendant Westwood
Affiliates, L.L.C.” Westwood seeks mandamus relief from this order.
Standard of ReviewGenerally, the scope of discovery is within the trial court’s discretion. In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). 
However, if the trial court issues a discovery order that constitutes a clear abuse of
that discretion and there is no adequate remedy by appeal, mandamus may issue.  Id. 
A trial court abuses its discretion if it acts without reference to guiding rules and
principles.  Id. Mandamus relief may be appropriate when, inter alia, a “party’s
ability to present a viable claim or defense is severely compromised or vitiated by the
erroneous discovery ruling to the extent that it is effectively denied the ability to
develop the merits of the case,” or when a trial court’s order “disallows discovery
which cannot be made a part of the appellate record, thereby denying the reviewing
court the ability to evaluate the effect of the trial court’s error.” Id. 
Motion to Compel Production from HPD 
          Westwood seeks to compel production from HPD, a non-party. A party may
compel discovery from a non-party by serving a subpoena requesting production of
documents and other tangible items. Tex. R. Civ. P. 205.1. A party is entitled to
obtain discovery on any matter that is not privileged and is relevant to the subject
matter of the pending action. Id. 192.3(a). A party from whom discovery is sought
may resist discovery by asserting and proving an applicable privilege. Id. 193.3; In
re E.I. DuPont de Nemours, 136 S.W.3d 218, 223 (Tex. 2004).
          Westwood served HPD with a “Notice of Intention to Take Deposition by
Written Questions” and a subpoena duces tecum requesting “any and all records,
reports, correspondence, witness statements, investigation notes, offense reports, and
any and all photographs relating to the incident.” HPD objected on the basis that
Westwood requested public information that was part of an ongoing investigation and
that the information was privileged, pursuant to Hobson, and the law enforcement
exception to the TPIA.


 
          In Hobson, the Texas Supreme Court concluded that a law-enforcement
privilege is recognized in civil litigation. Hobson, 734 S.W.2d at 341 (information
about ongoing criminal investigations is privileged from discovery in civil action
against police officers). However, as Westwood contends, the Hobson court
recognized a statutory law-enforcement privilege in civil litigation based solely upon
the Texas Open Records Act (“TORA”).  Id. at 340–41. After Hobson, the TORA
was renamed the TPIA. See Act of May 22, 1993, 73rd Leg., C.S., ch. 268, §1, 1993
Tex. Gen. Laws 596, recodified by Act of June 17, 1995, 74th Leg., R.S., ch. 1035,
§7, 1995 Tex. Gen. Laws 5131, amended by Act of June 20, 1997, 75th Leg., R.S.,
ch. 1231, §1, 1997 Tex. Gen. Laws 4697, amended by Act of June 11, 2001, 77th
Leg., R.S., ch. 474, §6, 2001 Tex. Gen. Laws 920 (current version at Tex. Gov’t
Code Ann. §§ 552.001–.353 (Vernon 2004) (amending the chapter heading)). We
find no language in Hobson to support HPD’s contention that a law-enforcement
privilege was created independently from the existing statutory privilege.
          In addition, the TPIA was later amended to provide that “a subpoena duces
tecum or a request for discovery that is issued in compliance with a statute or a rule
of civil procedure is not considered a request for information under the TPIA.” Tex.
Gov’t Code Ann. § 552.0055 (Vernon 2004). Further, the TPIA was amended to
provide that it “does not affect the scope of civil discovery under the Texas Rules of
Civil Procedure” and “[e]xceptions from disclosure under this chapter do not create
new privileges.” Id. § 552.005. Hence, Westwood’s notice of deposition by written
questions and subpoena duces tecum did not trigger the TPIA. See Tex. R. Civ. P.
205.1. Moreover, Westwood did not formally request the information under the TPIA
and did not move to compel production pursuant to the TPIA. 
          In its response to Westwood’s petition for writ of mandamus, HPD concedes
that “[t]he Texas Public Information Act is not applicable because the request for
documents was issued pursuant to a subpoena duces tecum” and because the TPIA
“does not affect the scope of civil discovery.” 
          We conclude that Hobson did not create an independent law-enforcement
privilege and, rather, applied the existing statutory privilege in the TORA. 
Subsequent to Hobson, the TORA was recodified as the TPIA. Because HPD now
concedes that the TPIA is inapplicable in the instant case, we conclude that HPD
failed to meet its burden to prove an applicable privilege.


 See E.I. DuPont de
Nemours, 136 S.W.3d at 223. 
 
 
ConclusionWe hold that the trial court abused its discretion in concluding that HPD’s
documentary evidence and photographs are privileged and protected from discovery. 
We conditionally grant Westwood’s petition for writ of mandamus, and we direct the
trial court to vacate its May 3, 2006 order. We are confident that the trial court will
promptly comply, and our writ will issue only if it does not.
 
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.