**In re WESTWOOD AFFILIATES, L.L.C., Relator.**

No. 01–06–00471–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 8, 2007.

Evelyn Ailts Derrington, Michael Phillips, Neal David Kieval, Phillips & Akers, P.C., Maria L. Fox, Law Office of Samuel E. Dunn, for relator.

Dwight E. Jefferson, Dwight E. Jefferson, P.L.L.C., Elijah Gooden III, Malinda York Crouch, Sr. Assistant City Attorney, Tuan Anh Nguyen, Taiwo K. Adebiyi, Houston, for real party in interest.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION ON REHEARING

GEORGE C. HANKS, JR., Justice.

By petition for writ of mandamus, Relator, Westwood Affiliates, L.L.C., ("Westwood"), challenges the trial court's May 3, 2006 order denying Westwood's motion to compel production of records from the Houston Police Department ("HPD").[1] In its sole issue, Westwood contends that the trial court abused its discretion by denying Westwood's motion to compel production and by issuing a protective order because HPD failed to demonstrate an applicable privilege. We conditionally granted mandamus relief on September 28, 2006.

The real party in interest moved for rehearing and rehearing en banc. We grant the motion for rehearing addressed to the panel, withdraw the opinion dated September 28, 2006, and issue this opinion in its stead. Accordingly, the motion for rehearing en banc is rendered moot. *See Brookshire Bros., Inc. v. Smith,* 176 S.W.3d 30, 41 n. 4 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) (op. on reh'g).

We deny the petition for writ of mandamus.

## Background

Carolyn Colomb brought a premises liability action against Westwood.[2] Colomb's son, Lionel McCoy, was shot and killed outside a retail establishment owned by Westwood. HPD investigated the incident but was unable to identify the assailant. Westwood contends that HPD's investigatory materials are critical to Westwood's defense in this civil matter. Westwood served HPD with a subpoena duces tecum requesting "any and all records, reports, correspondence, witness statements, investigation notes, offense reports, and any and all photographs pertaining to [the incident]."[3] HPD objected on the basis that the information is privileged pursuant to *Hobson v. Moore,* 734 S.W.2d 340 (Tex. 1987), and the Texas Public Information Act ("TPIA")[4] as part of an ongoing murder investigation that would be compromised if the information is disseminated.

On May 3, 2006, the trial court denied Westwood's motion to compel production

1. The respondent is the Honorable Sharolyn Wood of the 127th District Court of Harris County.

2. The underlying suit is *Carolyn Colomb, Individually and as Next Friend and Representative of the Estate of Lionel Dwayne McCoy, Deceased v. Taiwo K. Adeyibi and Westwood Affiliates, L.L.C.,* No.2005–35360 (127th Dist. Ct., Harris County, Tex.).

3. Westwood states that it does not seek physical evidence; rather, it seeks documentary evidence and photographs.

4. TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon 2004 & Supp.2006) (formerly the Texas Open Records Act).

and issued a protective order, stating that "the records, documents and physical evidence related to the Houston Police Department's investigation of the murder of Lionel Dwayne McCoy [shall] be protected from the disclosure, release and production requested pursuant to the subpoena issued by Defendant Westwood Affiliates, L.L.C." Westwood seeks mandamus relief from this order.

## Standard of Review

■ Generally, the scope of discovery is within the trial court's discretion. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998) (orig.proceeding). However, if the trial court issues a discovery order that constitutes a clear abuse of that discretion and there is no adequate remedy by appeal, mandamus may issue. *Id.* A trial court abuses its discretion if it acts without reference to guiding rules and principles. *Id.*

## Motion to Compel Production from HPD

Westwood seeks to compel production from HPD, a non-party. A party may compel discovery from a non-party by serving a subpoena requesting production of documents and other tangible items. Tex.R. Civ. P. 205.1. A party is entitled to obtain discovery on any matter that is not privileged and is relevant to the subject matter of the pending action. *Id.* 192.3(a). A party from whom discovery is sought may resist discovery by asserting and proving an applicable privilege. *Id.* 193.3; *In re E.I. DuPont de Nemours*, 136 S.W.3d 218, 223 (Tex.2004).

■ Westwood served HPD with a "Notice of Intention to Take Deposition by Written Questions" and a subpoena duces tecum requesting "any and all records, reports, correspondence, witness statements, investigation notes, offense reports,

and any and all photographs pertaining to the incident." HPD objected on the basis that Westwood requested public information that was part of an ongoing investigation and that the information was privileged pursuant to *Hobson* and the law enforcement exception to the TPIA. Tex. Gov't Code Ann. § 552.108 (Vernon Supp. 2006). We agree with HPD.

In *Hobson*, the supreme court recognized an independent law-enforcement privilege in civil litigation. *Hobson*, 734 S.W.2d at 341.

> The need for confidentiality in law enforcement activities is recognized in statutory law. Section 3(a)(8) of the Texas Open Records Act, Tex.Rev.Civ. Stat. Ann. art. 6252–17a, exempts from disclosure: records of law enforcement agencies and prosecutors that deal with the detection, investigation and prosecution of crime and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution. *We recognize this privilege in civil litigation for law enforcement investigation. See Houston Chronicle Pub. Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ.App.-Houston [14th Dist.], writ ref'd n.r.e. per curiam) 536 S.W.2d 559 (Tex. 1976).

*Hobson v. Moore*, 734 S.W.2d at 340 (emphasis added). In *Hobson*, the supreme court held that the party resisting discovery had waived its objection. *Id.* at 341. Here, the City of Houston raised timely objections to the requested discovery.

■ Westwood urges us to disregard *Hobson*, arguing that Rule of Evidence 501 prohibits the recognition of any privilege except those created by the Constitution, by statute, by the Rules of Evidence, or by other rules prescribed pursuant to statutory authority. Tex.R. Evid. 501.

Nevertheless, a plain reading of *Hobson* instructs us that the supreme court has recognized a law-enforcement privilege in civil litigation. *Hobson,* 734 S.W.2d at 340–341. "We are duty bound to follow the Texas Supreme Court's pronouncements...." *Rangel v. Lapin,* 177 S.W.3d 17, 25 (Tex.App.-Houston [1st Dist.] 2005, pet. denied); *see also Lubbock County v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex.2002) ("It is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with [the Texas Supreme] Court.").

### Conclusion

Accordingly, we conclude that the trial court's order denying Westwood's motion to compel production and issuing a protective order comports with Texas law, and we hold that the court did not abuse its discretion.

We deny Westwood's petition for writ of mandamus.

We deny Westwood's emergency motion to stay trial court proceedings pending disposition of the mandamus, which was filed on January 30, 2007.