Opinion issued February 8, 2007.









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00471-CV






IN RE WESTWOOD AFFILIATES, L.L.C., Relator






Original Proceeding on Petition for Writ of Mandamus 






OPINION ON REHEARING

 By petition for writ of mandamus, Relator, Westwood Affiliates, L.L.C.,
("Westwood"), challenges the trial court's May 3, 2006 order denying Westwood's
motion to compel production of records from the Houston Police Department
("HPD"). (1) In its sole issue, Westwood contends that the trial court abused its
discretion by denying Westwood's motion to compel production and by issuing a
protective order because HPD failed to demonstrate an applicable privilege. We
conditionally granted mandamus relief on September 28, 2006. 

 The real party in interest moved for rehearing and rehearing en banc. We grant
the motion for rehearing addressed to the panel, withdraw the opinion dated
September 28, 2006, and issue this opinion in its stead. Accordingly, the motion for
rehearing en banc is rendered moot. See Brookshire Bros., Inc. v. Smith, 176 S.W.3d
30, 41 n.4 (Tex. App.--Houston [1st Dist.] 2004, pet. denied) (op. on reh'g).

 We deny the petition for writ of mandamus.

Background

 Carolyn Colomb brought a premises liability action against Westwood. (2) 
Colomb's son, Lionel McCoy, was shot and killed outside a retail establishment
owned by Westwood. HPD investigated the incident but was unable to identify the
assailant. Westwood contends that HPD's investigatory materials are critical to
Westwood's defense in this civil matter. Westwood served HPD with a subpoena
duces tecum requesting "any and all records, reports, correspondence, witness
statements, investigation notes, offense reports, and any and all photographs
pertaining to [the incident]." (3) HPD objected on the basis that the information is
privileged pursuant to Hobson v. Moore, 734 S.W.2d 340 (Tex. 1987), and the Texas
Public Information Act ("TPIA") (4) as part of an ongoing murder investigation that
would be compromised if the information is disseminated.

 On May 3, 2006, the trial court denied Westwood's motion to compel
production and issued a protective order, stating that "the records, documents and
physical evidence related to the Houston Police Department's investigation of the
murder of Lionel Dwayne McCoy [shall] be protected from the disclosure, release and
production requested pursuant to the subpoena issued by Defendant Westwood
Affiliates, L.L.C." Westwood seeks mandamus relief from this order.

Standard of Review Generally, the scope of discovery is within the trial court's discretion. In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). 
However, if the trial court issues a discovery order that constitutes a clear abuse of
that discretion and there is no adequate remedy by appeal, mandamus may issue.  Id. 
A trial court abuses its discretion if it acts without reference to guiding rules and
principles.  Id. 

Motion to Compel Production from HPD 

 Westwood seeks to compel production from HPD, a non-party. A party may
compel discovery from a non-party by serving a subpoena requesting production of
documents and other tangible items. Tex. R. Civ. P. 205.1. A party is entitled to
obtain discovery on any matter that is not privileged and is relevant to the subject
matter of the pending action. Id. 192.3(a). A party from whom discovery is sought
may resist discovery by asserting and proving an applicable privilege. Id. 193.3; In
re E.I. DuPont de Nemours, 136 S.W.3d 218, 223 (Tex. 2004).

 Westwood served HPD with a "Notice of Intention to Take Deposition by
Written Questions" and a subpoena duces tecum requesting "any and all records,
reports, correspondence, witness statements, investigation notes, offense reports, and
any and all photographs pertaining to the incident." HPD objected on the basis that
Westwood requested public information that was part of an ongoing investigation and
that the information was privileged pursuant to Hobson and the law enforcement
exception to the TPIA. Tex. Gov't Code Ann. § 552.108 (Vernon Supp. 2006). We
agree with HPD. 

 In Hobson, the supreme court recognized an independent law-enforcement
privilege in civil litigation. Hobson, 734 S.W.2d at 341. 

 The need for confidentiality in law enforcement activities is recognized
in statutory law. Section 3(a)(8) of the Texas Open Records Act, Tex.
Rev. Civ. Stat. Ann. art. 6252-17a, exempts from disclosure: records
of law enforcement agencies and prosecutors that deal with the
detection, investigation and prosecution of crime and the internal
records and notations of such law enforcement agencies and prosecutors
which are maintained for internal use in matters relating to law
enforcement and prosecution. We recognize this privilege in civil
litigation for law enforcement investigation. See Houston Chronicle
Pub. Co. v. City of Houston, 531 S.W.2d 177 (Tex. Civ. App.--Houston
[14th Dist.], writ ref'd n.r.e. per curiam) 536 S.W.2d 559 (Tex. 1976). 


Hobson v. Moore, 734 S.W.2d at 340 (emphasis added). In Hobson, the supreme
court held that the party resisting discovery had waived its objection. Id. at 341. 
Here, the City of Houston raised timely objections to the requested discovery. 

 Westwood urges us to disregard Hobson, arguing that Rule of Evidence 501
prohibits the recognition of any privilege except those created by the Constitution,
by statute, by the Rules of Evidence, or by other rules prescribed pursuant to statutory
authority. Tex. R. Evid. 501. Nevertheless, a plain reading of Hobson instructs us
that the supreme court has recognized a law-enforcement privilege in civil litigation. 
Hobson, 734 S.W.2d at 340-341. "We are duty bound to follow the Texas Supreme
Court's pronouncements . . . ." Rangel v. Lapin, 177 S.W.3d 17, 25 (Tex.
App.--Houston [1st Dist.] 2005, pet. denied); see also Lubbock County v. Trammel's
Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a
court of appeals to abrogate or modify established precedent. That function lies
solely with [the Texas Supreme] Court.").


Conclusion Accordingly, we conclude that the trial court's order denying Westwood's
motion to compel production and issuing a protective order comports with Texas law,
and we hold that the court did not abuse its discretion.

 We deny Westwood's petition for writ of mandamus.

 We deny Westwood's emergency motion to stay trial court proceedings
pending disposition of the mandamus, which was filed on January 30, 2007.




 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.



1. 
 
2. 
 
 - 
3. 
 
4. ' §§ -