# COURT OF APPEALS

## FOURTH DISTRICT

## CADENA-REEVES JUSTICE CENTER

### 300 DOLOROSA, SUITE 3200

### SAN ANTONIO,TEXAS 78205- 3037

MARCUS EVERETTE HARPER,    §

    Plaintiff/Appellant.    § **COURT OF APPEALS NO:04-15-00489-CV**

v.    §

TEXAS DEPARTMENT OF    § **TRIAL COURT CASE NO:97,305-C**

CRIMINAL JUSTICE,et al    §

     Defendants    §

## MOTION FOR INTERLOCUTORY

## APPEAL TO PROCEED

## DOCKETING STATEMENT

To the Honorable Judge of this Court:

Comes now **MARCUS E.HARPER** hereafter preferred to as Plaintiff/ Appellant hereby move to proceed under TEX.R.APP.P.32.2 and 4TH TEX. (SAN ANTONIO) LOC.R.5.2., Docketing Statement.

### STATEMENT OF THE CASE

On 25, day of April 2008 at 2:00 Am the Appellant (while incarcerated on the Clements Unit-T.D.C.J.) was injured due to negligence, cross negligence, and or negligent use of tangible property defendant's at the extended cell block/ high security kitchen facilty.A plastic trash can (with a defective wheel) was filled with boiling water, and then it subsequently collapsed. Dumping its entire (45) gallons-(450LBS) contents on to APPELLANT scalding him. Appellant was immediately severely burnd with second and third degree burns blistering and scuffing the skin and muscle most predominantly on the lift leg and foot.

Appellant was superficially treated at the scene by preson medical staff yet he had to be transported by ambulance to the Nouthwest Hospital in amarillo, Texas were upon the (free would) doctors determined that his pain and burns injuries were so severe that he was transported to the Unversity medical center Trauma Burn Unit-Texas Tech Lubbuck Texas. Doctor M.D. Sharmila looked at my burns gave Appellant medical care then sent him back that morning to the Clements Unit infirmary with a standard of medical care that the defendant was suppose to follow.The defendants inadequate failed to comply with medical care plan and my leg became infected 1 was in so much pain 1 could not sleep for three days begged them to please help me.,so Appellant was sent back to the Burn Center and I seen Doctor M.D. Sharmila asked why I haven't came back for follow up. Isaid," the doctor Revell told me that I didn't need to go back for a follow-up because he is in charge. Then officer gave the doctor M.D. Sharmila the records from Bill Clements

1

as to the treatment they did on Appellant amd M.D. Shsrmia said," I see why he didn't send you back because he didn't follow instruction.

## IDENTIFING EACH PARTY IN SUIT

### PLAINTIFF

1. Marcus Everette Harper filed I.F.P. PRO SE

### DEFENDANTS

1. Brad Livingston-the executive directer of T.D.C.J. HE is responsible for the operations of every Texas Prison;

2. Nathaniel Quartermain – the deputy director of T.D.C.T.– also responsible for the operations of texas prison units;

3. Tony D' Cunlia – laundory and food services T.D.C.J. – ID. is responsible for food service operations on plaintiff's Unit;

4. Ronald L briggs– Clements Unit food services Captain is responsible supervisor of food services on Appellant's Unit;

5. Warden Rodeen– Clements Unit senier Warden on the Appellant's Unit at the time of his injury;

6. Paulw Sloen – Clements Unit assistint Warden on the high security section where Appellant was hurt;

7. J.Grimes– Unit assistant Warden on the Appellant Unit of assignment;

8. Stanley Belter – Kitchen supervisor on the extended cell block E.C.B. high security Unit where Plaintiff injurt/accurred;

9. Christopher E. Broyes – kitchen security officer CO.5 responsible for safety of inmates under this charge shift at (E.C.B) area where appellant;

10. Kendall T.Richerson major of officers/ operations at (E.C.B) area where appellant was injured;

11. Dr. Revelle M.D. – was the senior medical authority on the appellant's Unit of assignment at the time of his injury– he was directly responsible for the proper diagnoses, treatment and medical supervision and care of the appellant;

12. Julito Puy M.D– was /is the physician in charge of the plaintiff's medical care;

13. Herman Nusz– directer of nursing– also fully responsible for appellant proper medical care;

14. Texas Tech Heath Sciences Cinter– (TTHSC) defendant entity per V.T.C.A. §101. 102.

On 30th day of October,2014 at pretrial judgment Honorable Judge Ana E. Estevez dismissed this portion of the suit medical negligence, malpractice and gross negligence. That Plaintiff take nothing by suit against Texas Tech and the employees of Texas Tech in error claiming that TX.CIV.PROC. and Remedies code 74.351 expert report requirment was not met by appellant.

2.

## JURIDICTION

The tial court gave appellant permission to appeal order see.( Vol 1 P.13,18-21).

On 11-2-2014 appellant wrote letter to 7th District Appeals Court requesting permission to Appeal.

On 11-14-2014 appellant filed Notice of appeal motion for inter-locutory appeal

On 3-13-2015 7th District court questioned its juridiction over appeal and requested that party identify applicable law that gives the court jurisdiction over the appeal within twenty days.

On 3-27-2015 Appellant filed for interlocutoryappeal under T.C. PR.C. §51.014, and addendum motion 4-5-2015 a showing that the court has juridiction; and

On 6-10-2015 7th Courts of Appeals responded to the plaintiff and defendants motion notifying both partys that the court has jurisdiction over the interlocutory appeal. also

the 7th Court of Appeal informed to appellant that all four members of the court were employed as adjunct professors by the Texas Tech school of law during the 2014-2015 academic year so appellant filed motion to recuse from hearing the appeal 6-5-2015.

On 8-52015 4th Court of Appeals sent out a letter stating that Appellant harper had to file docketing statement by the 8-172015, but appellant received the Court order on the same date ot was due and on 8-172015, appellant filed a 30 day extension.

### I

Appellant filed his orgenal complaint under the Texas Tort Claims act V.T.C.A.101.000, on Decmder 31, 2008 in the District Court of Potters County cause number 97,305-C against Brad Livingston, T.D.C.J. andTexas Tech Health Science's Center et al, defendant's the District Clerk Caroline Woodburn receive and filed on February 11,2009. Also all defendants were notified by Appellant

### II

On 24 day of April 2008 Plaintiff was injured on the Clements Unit of Texas Dept of Criminal Justice institutional Divsion. This prison being within the confines of Potter County Texas. That gave the 251st District Trial court in Potter County,Texas jurisdiction.

Under V.T.C.A.§ 101.000 Governmental liablity - thata "Governmental Unit in

3

this state is liable for

(1) Personal injury... Proximotely caused by the wrongful act(s) or omissions or negligence of an employee acting within his scope or employment

(2) ...Personal injury so cause by a condition or use of tangible personal or real property if the Government would (were it a private person) be

liable to the Claimant according to Texas Law per 101.021.

Each defendant acted under color of state law and each is sued in their official and or personal/ individurl capacites pursuant to Texas State Law- and constitutional authority.

## III

See O' Connor's TRCT 2012 ch.6,p.409 Discovery Rule for Court

1.1.Rule TRCP 176,190-205,215.

1.2. purpose of discovery is to allow the parties to obtain full knowledge of the issues and facts of the law suit before trial **West v. Solito** 563 s.w.2d.240,243 (Tex1978) the objective of the Texas discovery rule rule is to prevent trial ambush **Gutierrez v. Dallas** 729 s.w.2d. 691, 692 (Tex 19870.

2.2. Documents & tangible things the phrase includes papers, book, accounts, drowing graphs, charts, photographs electronic or video tape recordings, data, and compilations TRCP 192.3 (b)

A party is required to produce only those documents or tangible things in its possession, costody or controle TRCP 192.3 (B) Id 856 s.w.2d. at 728-29; See also **IN Re U-Haul Int'l** 87 s.w.3d.656-57 (Tex.App-San Antonio 2002 orig proceeding).

Under TRCP 191 parties and their attornys are expected to cooperate in discovery and to make any agreement that are reasonable necessary to efficently dispose of the case TRCP 191.2

A party has 30 days after the date of service of the request for documents to respond, depending on the type of service TRCP 196.2 (a) see **Schein v. AMERICAN Rest. GRP.**, 852 s.w.2d.496,497 D.2(Tex 1993). However, a defendant that is served with a request before the defendants answer is due has 50 days to respond

4

TRCP 196.2 (a).

Failure to comply with procedures, If a party does not comply with the procedures for resisting discovery the party waive its objections to discovery and its claims of privilege and the trial court should comply production TRCP 193.2 (e);eg **HOBSON V. MOORE** 734 S.W. 2d 340,341 (TEX.1987) Defendants waived law enforement privilege because he filed late objections to interrogatories **VILLO-REAL v.DOMINGVEZ** 745 s.w. 2d.570.572 (Tex.App.Corpus christi 1988)

Sanction if a party obuses discovery, the court may find that the party waived its discovery privileges and objections. **OCCIDENTAL CHEM. CORP v.BANALES** 907 s.w 2d 488,490 (Tex.1995); eg, **In Re Lovernia Nursing Facility.Inc** 12 s.w.3d 566,571 (Tex.App.San Antonio 1999 orig proceeding) (Court found that defendants concealed records)

Section 74.351 does not stay over, less costly form of discovery additionally, once a claim is filed under Chapter 74 reuires Health Care defendant's to comply with the discovery procedures set out in the legislation Tex.Civ.Proc.& Rem.Code Ann 74.352 See **In Re Memorial Herman Hosp. System** 209 s.w.3d 835, 841 (App.14 Dist 2006).

## IV

The defendants stated,"that appellant had to hire his own expert witness that he could not use the doctor physicain who provided treatment at Burn Center who was licensed to practice medicine at the time plaintiff claim was arosed. see ( vol 1 p.9 15-25).

TRCP 192.3 (c) An expert is,"a person with knowledge of relevent facts" only if that knowlegde was obtained first-hand,or if it was not obstaned in preparation for trial or in anticipation of litigation.

O'Connor's TRCT ch6. p.483 §3.1,2 Discovery about nonretained expert. There are four discovery procedures that can be used to secure information about or from a nonretained testifying expert:

    (1) a reguest for disclosure
    (2) an oral deposition
    (3) a deposition on written question, and
    (4) a subpoena TRCP 176,194.2 (f) (1)-(3), 205.1

5

Appellant did not see the discovery on the appeal cover sheet. So plaintiff only can direct the Appeals court to the spot where the discovery should be. see A.C.S. 117-119. pg278-281 Appellant states there's evidence in the discovery that showes this cause of action has merits for instance:

1) the standard of care by the Burn Medical Center, see(discovery Harper 352-354)

2) the defendants failed to follow the standard of care, see discovery harper 223-227,and 284- 308) also

3) the doctor sharmila stated,"that the defendants failed to follow orders" that's why plaintiff is back to the Burn medical center, treatment to contain infection:

date of amission on: 5/1/2008
Date of discharge; 5/10/2008
Resinent physician; Jaenna Wishnew, M.D.
Attending physician; Sharmila Dissanaike M.D.
Dictating clinicain: Jaenna Wishnew M.D
Reason for admission:

Hospital course: this is a 34 year old male who received scald burn on his left lower extremity. He presented to the ER and they provided wound care instructions which the prison unit did not follow so he retuned to the Er with an infected left lower extrmity. he was put in accuzyme wound care for several days to se how the wound respond. on hospital day four his wound was able to be taken to the Er for excision on 5/7/2008 he was able to be taken to the Er for excision and grafting performed, and verified by dissnake M.D.Sharmila 10 may 2008 18:59 and 15 may2008 7:27. see (Harper 070)

## DEFENDANTS DEADLINE
## RESPOND TO DISCOVERY

SERVED BY U.S.MAIL                                    5 DAYS+ 30 DAYS = 35 DAYS

1. APPEALS COVER SHEET

12. ORIGINAL COMPLAINT, 2-11-2009 pg.15 AT pg6 DISCOVERY;

13. DISCOVERY 2-11-2009 pG.52

15. DISCOVERY LETTER 3-29-2009 pg.56

24 DISCOVERY MOTION TO COMPEL 11-06-2009 PG. 68

28. MOTION FOR REQUESTING TO DEVELOPE DISCOVERY PLAN 3-3-2010 pg.73

30 COMPEL DISCOVERY 10-11-2010 PG.76

33. -34. COMPEL DISCOVERY 11-8-2010 PG.78

40 MOTION FOR DISCOVERY CONFERANCE 3-10-11 PG.91

41.mOTION FOR PRE-TRIAL CONFERENCE 1-4-1011 PG.92

44.REGUESTING MEETING TO DISCUSS THE NATURE AND BASIS OF THE CLAIM 3-15-1011 PG.95

APPELLANT RECEIVED NO ANSWER FROM DEFENDANATS ABOUT DISCOVERY REQUEST.

TCPR 74.351 after filing an compaint plaintiff has 120 days to serve expert repert.

TCPR 74.352 defendants have 45 days to comply with discovery (b)(d).

Or the defendants above the rule of discovery TCPR 74.352 (b)(d) where they don't have to comply and with-hold evidence until time runs out for appellant to serve expert report. but appellant has to try to comply with the expert report with no discovery.

this is just like a chess game appellant made the frist move by requesting discovery on time., but the defendant failed to make their move by complying with discovery request. So appellant could comply with the serving of expert report.

## CONCLUSION

Do to the defendants not allowing appellant to have his discovery motion granted., ,

Appellant did his on back grownd research,but he wanted to know what the defendants had for or against him before he filed expert report.I needed all evidence in this cause to estadlish these facts stated in this motion.

## PRAYER

For all the above reasons stated in appellant motion prays that the Honorable Appeals Court Judge to reverse this judgement.

## CERTIFICATE OF SERVICE

Appellant, do hereby certify that a true and correct copy of this document was served upon the defendants though the attorne General Christin Code Vasquez P.O.box 12548 MC 003, Austin, TX 78711. and Fourth Court of Appeal District Cadena-Reeves Justice center, 300 Dolorosa,suite 3200, San Antonio,TEXAS 78205-3037.

I,Marcus Everette Harper #692332, being presently incarcerrated in Bill Clements Unit does hereby declare that all of the foreqoing is true and correct to the best of knowledge and recolection under penalty of perjury (28 U.S.C.§ 1749) on 23 day of August 2015 sworn executed.

Marcus E.Harper #692332
Bill Clements Unit
9601 Spur 591
Amarillo, Tx 79107