Honorable Henry Wade Criminal District Attorney Sixth Floor, Records Building Dallas, Texas 75202
Re: Whether records listing property held by sheriff as a result of arrests are public records
Dear Mr. Wade:
You have requested our opinion as to whether records listing property held by a sheriff as the result of an arrest are subject to disclosure under the Open Records Act, article 6252-17a, V.T.C.S.
Section 3(a)(8) of the act excepts from disclosure:
 records of law enforcement agencies that deal with the detection and investigation of crime and the internal records and notations of such law enforcement agencies which are maintained for internal use in matters relating to law enforcement.
In Open Records Decision No. 127 (1976), this office, following the lead of the court in Houston Chronicle Publishing Company v. City of Houston, 531 S.W.2d 177
(Tex.Civ.App.-Houston [14th Dist.] 1975), writ ref'd n.r.e. per curiam, 536 S.W.2d 559 (Tex. 1976), said that evidence obtained at the scene of a crime is presumptively excepted from disclosure by section 3(a)(8). In Open Records Decision No. 216 (1978), a further question had arisen regarding the applicability of the exception when an investigative file has been closed without prosecution. This office said, that, after a file becomes inactive, it may no longer be accorded the exception by presumption. Information in a closed file may continue to be withheld, however, if disclosure `will unduly interfere with law enforcement and crime prevention.' Ex parte Pruitt, 551 S.W.2d 706,710 (Tex. 1977). Every inactive file must be examined on a case-by-case basis, and the governmental agency claiming 3(a)(8) must demonstrate `how and why [the] particular exception applies to requested information.' Open Records Decision No. 216 (1978). This position was affirmed in Open Records Decision No. 252 (1980).
Applying these principles to the information under consideration here, it is clear that records listing property confiscated at the scene of a crime constitute information about evidence and thus, are presumptively excepted from disclosure during the pendency of an investigation and prior to prosecution of the case. If a file has been closed, so that it is no longer an active investigatory file, the custodian of the records must show that their release `will unduly interfere with law enforcement and crime prevention.' When the custodian claims the applicability of the exception to a particular closed file, or part of it, and the requestor disputes that determination, a decision should be requested from this office under the guidelines established in Open Records Decision No. 252.
 SUMMARY
Records listing property confiscated at the scene of a crime constitute information about evidence and thus are presumptively excepted from disclosure by section 3(a)(8) of the Open Records Act during the pendency of an investigation and prior to the prosecution of the case.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Rick Gilpin Assistant Attorney General