

# The Attorney General of Texas

February 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Sixth Floor, Records Building
Dallas, Texas    75202

Opinion No.  MW-446

Re:   Whether records listing property held by sheriff as a result of arrests are public records

Dear Mr. Wade:

You have requested our opinion as to whether records listing property held by a sheriff as the result of an arrest are subject to disclosure under the Open Records Act, article 6252-17a, V.T.C.S.

Section 3(a)(8) of the act excepts from disclosure:

> records of law enforcement agencies that deal with the detection and investigation of crime and the internal records and notations of such law enforcement agencies which are maintained for internal use in matters relating to law enforcement.

In Open Records Decision No. 127 (1976), this office, following the lead of the court in Houston Chronicle Publishing Company v. City of Houston, 531 S.W.2d 177 (Tex. Civ. App. - Houston [14th Dist.] 1975), writ ref'd n.r.e. per curiam, 536 S.W.2d 559 (Tex. 1976), said that evidence obtained at the scene of a crime is presumptively excepted from disclosure by section 3(a)(8). In Open Records Decision No. 216 (1978), a further question had arisen regarding the applicability of the exception when an investigative file has been closed without prosecution. This office said that, after a file becomes inactive, it may no longer be accorded the exception by presumption. Information in a closed file may continue to be withheld, however, if disclosure "will unduly interfere with law enforcement and crime prevention." Ex parte Pruitt, 551 S.W.2d 706, 710 (Tex. 1977). Every inactive file must be examined on a case-by-case basis, and the governmental agency claiming 3(a)(8) must demonstrate "how and why [the] particular exception applies to requested information." Open Records Decision No. 216 (1978). This position was affirmed in Open Records Decision No. 252 (1980).

Applying these principles to the information under consideration here, it is clear that records listing property confiscated at the scene of a crime constitute information about evidence and thus, are presumptively excepted from disclosure during the pendency of an investigation and prior to prosecution of the case. If a file has been closed, so that it is no longer an active investigatory file, the custodian of the records must show that their release "will unduly interfere with law enforcement and crime prevention." When the custodian claims the applicability of the exception to a particular closed file, or part of it, and the requestor disputes that determination, a decision should be requested from this office under the guidelines established in Open Records Decision No. 252.

### S U M M A R Y

Records listing property confiscated at the scene of a crime constitute information about evidence and thus are presumptively excepted from disclosure by section 3(a)(8) of the Open Records Act during the pendency of an investigation and prior to the prosecution of the case.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Walter Davis
Rick Gilpin