August 27, 2007

The Honorable Tracy King
Chair, Committee on Border and
   International Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0566

Re: Authority of the El Paso County District or County Clerk to establish an online electronic database accessible to the public (RQ-0498-GA)

Dear Representative King:

      Your predecessor as Chair of the Committee on Border and International Affairs inquired whether the El Paso County District Clerk or County Clerk may store court documents on an electronic database and make them accessible to the public via the Internet.[1] She asked the following questions:

> Under current state law, may the El Paso [County] District Clerk or County Clerk create an electronic database accessible online to display civil, family and criminal case docket information in its entirety and all document images pertaining to all cases filed regardless of case disposition or status?
>
> If such a database can be created, should access to the electronic database be limited to certain parties?
>
> Furthermore, should personal identifiers on the documents to be displayed, such as Social Security numbers and/or bank account[] [numbers], be redacted?
>
> Lastly, could the El Paso [County] District Clerk or County Clerk assess a reasonable fee to the public in order to retrieve information?

Request Letter, *supra* note 1, at 1.

---

    [1]Letter from Honorable Norma Chávez, Chair, House Committee on Border and International Affairs, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 5, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Your predecessor inquired about court case documents held by the district and county clerks. Accordingly, we do not address other kinds of documents filed with the county clerk in his capacity as county recorder. *See* TEX. CONST. art. V, § 20; TEX. LOC. GOV'T CODE ANN. § 192.001 (Vernon 1999) (county clerk shall record each deed, mortgage, or other instrument that is required or permitted by law to be recorded).

I.    **Authority of El Paso County District or County Clerk to Maintain Online Database of Court Records**

Pursuant to Local Government Code section 191.008, the El Paso County Commissioners Court may provide for online access to case information maintained by the district and county clerks. Section 191.008(a) provides as follows:

> The commissioners court of a county by order may provide for the establishment and operation of a computerized electronic information system through which it may provide on a contractual basis direct access to information that relates to all or some county and precinct records and records of the district courts and courts of appeals having jurisdiction in the county, *that is public information*, and that is stored or processed in the system. The commissioners court may make records available through the system only if the custodian of the records agrees in writing to allow public access under this section to the records.

TEX. LOC. GOV'T CODE ANN. § 191.008(a) (Vernon 1999) (emphasis added). Under this provision, the El Paso County Commissioners Court may establish an electronic database that includes court case records maintained by the district and county clerks. Subject to the clerk's written agreement and the other requirements of section 191.008, a commissioners court may provide access to the clerk's records from a computer terminal in the clerk's office or in a remote location.

Only information "that is public information" may be made available online. *See id.* The "El Paso County Local Rules of the District and County Courts concerning the Electronic Filing of Court Documents" include a similar limitation, providing that "the district clerk shall ensure that all the records of the court, except those made confidential or privileged by law or statute, may be viewed in some format by all persons for free." EL PASO COUNTY, LOCAL RULES OF THE DISTRICT AND COUNTY COURTS, ELECTRONIC FILING OF COURT DOCUMENTS R. 6.2(a) (2003), *available at* http://www.co.el-paso.tx.us/districtclerk/e-file-info.pdf (adopted pursuant to TEX. GOV'T CODE ANN. § 51.807) (last visited Aug. 14, 2007) (hereinafter EL PASO COUNTY E-FILING).[2] Section 191.006 of the Local Government Code also provides that "[a]ll records belonging to the office of the county clerk to which access is not otherwise restricted by law or by court order shall be open to the public at all reasonable times." TEX. LOC. GOV'T CODE ANN. § 191.006 (Vernon 1999).

---

[2]Government Code sections 51.801 through 51.807 apply to the electronic filing of court documents with a district or county court clerk. *See* TEX. GOV'T CODE ANN. §§ 51.801–.807 (Vernon 2005).

We conclude in answer to the first question that the Commissioners Court may adopt an order pursuant to Local Government Code section 191.008 authorizing the El Paso County District Clerk and County Clerk to create electronic databases that may be accessible online to display information in civil, family, and criminal cases, as long as the information is public information. *See id.* §§ 191.006, .008(a); *see also* EL PASO COUNTY E-FILING R. 6.2(b). The District or County Clerk must agree in writing to allow public access to records under this section, and the Commissioners Court and the Clerks must comply with other requirements of this provision. *See* TEX. LOC. GOV'T CODE ANN. § 191.008(a) (Vernon 1999).

## II.   Whether the District or County Clerk May Make Criminal Case Information Accessible Online

A brief from the El Paso County Attorney raises a concern that confidential criminal history record information may be accessible from the clerks' Internet sites.[3] It states that the El Paso County District and County Clerk have Internet websites that allow members of the public to access, without charge, certain information from criminal and civil cases. Rodríguez Brief, *supra* note 3, at 1. A search on the public website using an individual defendant's name will bring up a list of all open and closed cases involving that defendant, including the indictment number, indictment date, court, charge, and disposition. *See id.* The brief also states that El Paso County has established a password-protected website accessible only by certain government agencies, such as the Federal Bureau of Investigation (the "FBI"). *See id.* A search of the password-protected website, in addition to yielding the same basic information available from the public website, allows the user to view and print any documents filed in a case. *See id.* at 1–2. The brief raises the possibility that allowing members of the public to access a list of all El Paso County criminal cases involving a particular defendant would be a release of a compiled criminal history in violation of a common-law privacy right. *See id.* at 2 (citing *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989); *Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 1975), *writ ref'd n.r.e.*, 536 S.W.2d 559 (Tex. 1976)).

The court in *Houston Chronicle Publishing Co.* considered whether a Personal History and Arrest Record, or "rap sheet," maintained by the City of Houston Police Department was available under the Texas Open Records Act, now the Public Information Act (the "PIA"). *See Houston Chronicle Publ'g Co.*, 531 S.W.2d 177; *see also* TEX. GOV'T CODE ANN. ch. 552 (Vernon 2004 & Supp. 2006) (Public Information Act); Act of May 19, 1973, 63d Leg., R.S., ch. 424, 1973 Tex. Gen. Laws 1112 (adopting Open Records Act). The rap sheet showed each previous arrest and other data relating to individuals and included crimes that they had been suspected of committing, and the court determined that individual privacy rights prevented the disclosure of this information. *See Houston Chronicle Publ'g Co.*, 531 S.W.2d at 181, 186. The rap sheet in *Houston Chronicle Publishing Co.* included criminal history information, including unverified suspicions, that is not available from a district or county clerk's files on court cases.

---

[3]Brief from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (July 14, 2006) (on file with the Opinion Committee) [hereinafter Rodríguez Brief].

The United States Supreme Court, in *United States Department of Justice v. Reporters Committee for Freedom of the Press*, addressed an issue similar to that in *Houston Chronicle Publishing Co. v. City of Houston. See Reporters Comm.*, 489 U.S. 749. The *Reporters Committee* case arose from a request under the Federal Freedom of Information Act ("FOIA") for criminal identification records, or "rap sheets," stored electronically by the FBI. *See id.* at 751; *see also* 5 U.S.C.A. § 552 (2007) (Freedom of Information Act). The rap sheets, primarily used to aid in detecting and prosecuting offenders, contained information describing individuals, such as birth date and physical characteristics, as well as a history of arrests, charges, convictions, and incarcerations. *See Reporters Comm.*, 489 U.S. at 752. Because of the large number of rap sheets collected, they were sometimes incorrect or incomplete. *See id.* The Court addressed the FOIA provision that excepts from disclosure to the public "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy," or to harm various other specific interests. 5 U.S.C.A. § 552(b)(7)(C) (2007). The Court found a high privacy interest in the "compiled computerized information" derived from rap sheets and held that they were not subject to disclosure under FOIA. *Reporters Comm.*, 489 U.S. at 766.

*Houston Chronicle Publishing Co.* and *Reporters Committee* both deal with criminal history information held by a law enforcement agency, not information about cases held by a court clerk. The information addressed in those cases included conviction information, but it also included information about arrests that never resulted in indictment and incorrect or unverified information that might cast suspicion on a person who in reality had never been arrested. However, we find no authority indicating that the privacy interests in criminal history information articulated in these two cases would apply to case records made available online by the El Paso County District or County Clerk.

### III.     Limits on Public Access to Online Database of Court Records Maintained by District or County Clerk

Your predecessor raised a broad issue about the confidentiality of information in an online database of court records—whether access must be limited to certain parties. *See* Request Letter, *supra* note 1, at 1. Records in the district or county clerk's office are as a general rule available to everyone. *See* TEX. LOC. GOV'T CODE ANN. § 191.006 (Vernon 1999) (county clerk records shall be open "to the public"); TEX. R. CIV. PROC. 76a.1 (presumption that court records are open); EL PASO COUNTY E-FILING R. 6.2(a)–(b) (district clerk records may be viewed "by all persons" and may be made available "for both filers and the general public"). Of course, the general public may not have access to confidential or privileged records. *See* TEX. LOC. GOV'T CODE ANN. § 191.006 (Vernon 1999) (county clerk records are accessible only if "not otherwise restricted by law or by court order"); TEX. R. CIV. PROC. 76a (procedure for sealing court records); EL PASO COUNTY E-FILING R. 6.2(c) (district clerk records not accessible if "legally confidential"). Section 191.008 of the Local Government Code authorizes a commissioners court to establish eligibility criteria for users and to "delineate the public information to be available through the system." TEX. LOC. GOV'T CODE ANN. § 191.008(b)(2)–(3) (Vernon 1999). Pursuant to this authority, a commissioners court

may assist the clerks in determining whether specific kinds of information may be made available to the general public or only to a narrow class of persons.

Your predecessor also asked whether identifiers, such as social security numbers and bank account numbers, *should* be redacted from documents made available online.[4] Our advice will thus go beyond the limits that the law places on district and county clerks.

Court clerks are not required to place social security or bank account numbers online. A commissioners court, in providing for a computerized electronic information system pursuant to Local Government Code section 191.008, may "delineate the public information to be available through the system." TEX. LOC. GOV'T CODE ANN. § 191.008((b)(3) (Vernon 1999). The commissioners court and the court clerks, in deciding what information should not go online, have an opportunity to combat the serious and growing crime of identity theft. Social security numbers are much sought-after by identity thieves because these numbers can be used to locate other information about a person. *See* SOCIAL SECURITY ADMINISTRATION, IDENTITY THEFT AND YOUR SOCIAL SECURITY NUMBER (Jan. 2006) (Publ'n No. 05-10064), *available at* http://www.ssa.gov /pubs/10064.pdf (last visited Aug. 14, 2007). We urge commissioners courts and court clerks to help prevent identity theft by ensuring that social security numbers and bank account numbers from court case documents will not be available online. Court clerks should anticipate and prepare for new laws directed toward greater privacy for social security numbers and other personal identifiers.[5]

## IV.     Authority of Clerk to Charge a Fee to Access Online Database

Your predecessor finally asked whether the El Paso County District Clerk or County Clerk may assess a reasonable fee to the public for access to electronically-stored case information. *See* Request Letter, *supra* note 1, at 1. The El Paso County E-Filing Rules provide that the district clerk "shall ensure that all the records of the court, except those made confidential or privileged by law or statute, may be viewed in some format by all persons for free." *See* EL PASO COUNTY E-FILING R. 6.2(a). Section 118.066 of the Local Government Code provides that "[a] county clerk is not

---

[4]The Eightieth Legislature amended section 552.147 of the PIA, overruling the analysis of this provision set out in Attorney General Opinion GA-0519 (2007). *See* Act of Mar. 19, 2007, 80th Leg., R.S., ch. 3, § 1, 2007 Tex. Sess. Law Serv. 3, 4 (effective immediately) (to be codified at TEX. GOV'T CODE ANN. § 552.147); *see also* Tex. Att'y Gen. Op. No. GA-0519 (2007) (addressing former version of Government Code section 552.147(a)).

Section 552.147(d) requires district and county clerks to redact the first five digits of an individual's social security number from its records upon the individual's request. *See* Act of Mar. 19, 2007, *supra*, 2007 Tex. Sess. Law Serv. 3, 4 (to be codified at TEX. GOV'T CODE ANN. § 552.147(d)). The PIA does not govern "[a]ccess to information collected, assembled, or maintained by or for the judiciary." TEX. GOV'T CODE ANN. § 552.0035(a) (Vernon 2004). The obligation to redact part of a social security number applies to information subject to disclosure under the PIA, and it thus does not apply to the court case documents that your predecessor inquired about. *See* Tex. Att'y Gen. ORD-671 (2001) (the PIA does not apply to records of the judiciary maintained by a district clerk).

[5]*See* TEXAS JUDICIAL COUNCIL, PUBLIC ACCESS TO COURT CASE RECORDS IN TEXAS (2004) (proposing Rule of Judicial Administration on public access to case records), *available at* http://www.courts.state.tx.us/tjc/reports.asp (last visited Aug. 14, 2007).

entitled to a fee for . . . the examination of a paper or record in the clerk's office." TEX. LOC. GOV'T CODE ANN. § 118.066(1) (Vernon 1999); *see id.* § 191.006 (records of county clerk to which access is not restricted by law or by court order shall be open to the public). Section 51.606 of the Government Code moreover provides that "[a] clerk is not entitled to a fee for . . . the examination of a paper or record in the clerk's office." TEX. GOV'T CODE ANN. § 51.606(1) (Vernon 2005). The El Paso County Attorney states that "in El Paso County, both the District Clerk and the County Clerk have . . . online access and terminals set up in their offices for use by the public." Rodríguez Brief, *supra* note 3, at 3. If a clerk provides for public access to records in his office by providing online access, as the El Paso County District and County Clerks have done, he may not charge a fee for this service.

Section 191.008(b)(4), however, permits a commissioners court to "set a reasonable fee, charged under a contract" to use the computerized electronic information system. TEX. LOC. GOV'T CODE ANN. § 191.008(b)(4) (Vernon 1999). As long as district and county clerks provide free onsite access to records maintained by their offices, persons who contract with the county pursuant to section 191.008 for electronic access to such information may be charged a fee as set by the commissioners court.

## S U M M A R Y

Pursuant to Local Government Code section 191.008, the El Paso County Commissioners Court may adopt an order authorizing the District Clerk and County Clerk to create electronic databases of public information in court case documents and to provide online access to that information. Records maintained by each clerk must be available to the public without charge in the clerk's office, but persons who contract with the county for electronic access to such information may be charged a fee as set by the Commissioners Court. A court clerk should redact social security numbers and bank account numbers from documents made available online.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee